ROYAL BUSINESS FUNDS CORPORATION, PLAINTIFF v. SOUTH EASTERN DEVELOPMENT CORP., d/b/a LAND RESOURCES, INC., DONALD K. APPLETON, SOUTHERN PINES ESTATES, INC., APPLETON FARMS, INC., AND APPLETON ENTERPRISES, INC., DEFENDANTS

No. 7610SC165

(Filed 16 February 1977)

1. **Process § 14— foreign corporation — service on Secretary of State — acceptance or rejection of Secretary's mailing of process**

    In order for service of process on a foreign corporation by substituted service on the Secretary of State to be effective, G.S. 55-146 does not require that the corporation must either accept or reject the mailing of process by the Secretary of State to its principal office, since service of process is deemed complete under the statute when the Secretary of State is served.

2. **Process § 14— foreign corporation — service on Secretary of State — actual notice**

    Actual notice to a foreign corporation was not constitutionally required in order for service of process on the corporation by substituted service on the Secretary of State to be effective.

3. **Process § 14— foreign corporation — validity of service on Secretary of State**

    Service of process on a foreign corporation authorized to do business in this State by substituted service on the Secretary of State was sufficient to confer *in personam* jurisdiction over the corporation where the original process was addressed to an individual as registered agent of the corporation; summons was returned "Unable to locate the registered agent"; plaintiff obtained an alias and pluries summons which was served on the Secretary of State; the Secretary of State sent the summons by registered mail to the corporation at the address of its home office in the state of its incorporation; and the letter was returned "Unknown."

Business Funds Corp. v. Development Corp.

4. **Process § 12— domestic corporation — service on Secretary of State — actual notice**

Service of process on North Carolina corporations by substituted service on the Secretary of State after process directed to the registered agent of the corporation was returned unserved because the registered agent could not be found was valid although registered letters from the Secretary of State forwarding the process to the corporation at its registered office were returned marked "Unclaimed," since under G.S. 55-15(b) service of process was deemed complete when the Secretary of State was served, the corporations were not constitutionally entitled to actual notice of process from the Secretary of State, and the notice given was of a nature reasonably calculated to give them actual notice and the opportunity to defend.

5. **Process § 7— insufficient service on individual**

There was no proper service of process on an individual where the original summons was returned marked "Unable to locate within the thirty day time limit," and no other attempt was thereafter made to serve the individual.

APPEAL by defendants from *Hobgood, Judge.* Order entered 19 December 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 11 January 1977.

On 24 October 1975, plaintiff, a New York corporation, instituted this suit to recover on a promissory note and related deed of trust and guaranty agreement and for the appointment of a receiver. Relief was sought against South Eastern Development Corporation, a New York corporation domesticated in North Carolina (hereinafter referred to as "South Eastern") ; Donald K. Appleton, a citizen and resident of North Carolina (hereinafter referred to as "Appleton") ; and Southern Pines Estates, Inc., Appleton Enterprises, Inc., and Appleton Farms, Inc., all North Carolina corporations (hereinafter referred to as "Southern Pines," "Appleton Enterprises" and "Appleton Farms," respectively).

Civil summons was issued against the five defendants on 24 October 1975. On 27 October 1975, the summonses as to the four corporate defendants were returned "Unable to locate the registered agent." The summons as to Appleton was returned 1 December 1975 containing the notation "Unable to locate within the thirty day time limit." On 5 November 1975, alias and pluries summonses were issued against the four corporate defendants and were served upon the Secretary of State as their statutory agent. On 7 November 1975, the Secretary of State sent copies of the summons, complaint and exhibits to the four

corporate defendants by registered mail. The letter as to South Eastern was returned marked "Unknown," and the letters to Southern Pines, Appleton Enterprises and Appleton Farms were returned marked "Unclaimed."

On 11 December 1975, defendants made a special appearance in which they moved to dismiss the action against them on the grounds of lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of process, insufficiency of service of process and failure to state a claim upon which relief could be granted. A hearing on the matter was held in Wake County Superior Court, and on 19 December 1975, Hodgood, Judge, entered an order which stated, *inter alia:*

> "It appearing to the Court that the plaintiff has complied with NC GS 55-15B and NC GS 55-143B by serving the North Carolina Secretary of State as substitute process agent for said corporations when after due and diligent search the sheriff was unable to locate the registered agent or office of said corporation as recorded in the records of the North Carolina Secretary of State; and the Court finding as a fact that the plaintiff has complied with said statutes; and the defendants' through counsel contending that said statutes are unconstitutional; and it appearing to the Court that the motions should be denied;

> IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that the motions are hereby denied;".

Defendants appeal from this order.

Other relevant facts are set out in the opinion below.

*Smith, Hibbert and Pahl, by Carl W. Hibbert, for plaintiff appellee.*

*Tharrington, Smith and Hargrove, by J. Harold Tharrington and Peter E. Powell, for defendant appellants.*

MORRIS, Judge.

The sole issue for consideration on this appeal is whether the trial court erred in denying defendants' motion to dismiss the action. Since the determination of this question varies among the several defendants, we shall treat the matter separately according to the nature of the problems involved.

### AS TO DEFENDANT SOUTH EASTERN

[3] The original service to South Eastern was addressed to Donald K. Appleton (individual defendant herein) as the registered agent of the corporation. When that summons was returned "Unable to locate the registered agent," plaintiff obtained an alias and pluries summons which was served upon the Secretary of State pursuant to G.S. 55-143(b). The Secretary of State then sent the summons by registered mail to South Eastern in care of the address of its home office in New York, and the letter was returned "Unknown." South Eastern contends that the motion to dismiss should have been allowed as to it because the service was ineffective. We disagree.

G.S. 55-143 provides in pertinent part:

"(b) Whenever a foreign corporation authorized to transact business in this State shall fail to appoint or maintain a registered agent in this State, or whenever any such agent cannot with reasonable diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any process, notice, or demand may be served."

G.S. 55-146 sets out the procedure by which foreign corporations may be served by service upon the Secretary of State.

"(a) Service on the Secretary of State, when he is agent of a foreign corporation as provided in this Chapter, of any process, notice or demand shall be made by the sheriff delivering to and leaving with the Secretary of State duplicate copies of such process, notice or demand. *Service of process on the foreign corporation shall be deemed complete when the Secretary of State is so served.* The Secretary of State shall endorse upon both copies the time of receipt and shall forthwith send one of such copies by registered mail with return receipt requested addressed to such corporation at its principal office as it appears in the records of the Secretary of State or, if there is no address of the corporation on file with the Secretary of State, then to said corporation at its office as shown in the official registry of the state of its incorporation. . . .

(b) Upon the return to the Secretary of State of the requested return receipt showing delivery and acceptance of

such registered mail, or upon the return of such registered mail showing refusal thereof by such foreign corporation, the Secretary of State shall note thereon the date of such return to him and shall attach either the return receipt or such refused mail including the envelope, as the case may be, to the copy of the process, notice or demand theretofore retained by him and shall mail the same to the clerk of the court in which such action or proceeding is pending and in respect of which such process, notice or demand was issued. Such mailing, in addition to the return by the sheriff, shall constitute the due return required by law. The clerk of the court shall thereupon file the same as a paper in such action or proceeding.

(c) Service made under this section shall have the same legal force and validity as if the service had been made personally in this State. The refusal of any such foreign corporation to accept delivery of the registered mail provided for in subsection (a) of this section or the refusal to sign the return receipt shall not affect the validity of such service; and any foreign corporation refusing to accept delivery of such registered mail shall be charged with knowledge of the contents of any process, notice or demand contained therein." (Emphasis supplied.)

[1] South Eastern argues that G.S. 55-146 contemplates only two possible responses to the mailing by the Secretary of State— either delivery and acceptance by the defendant corporation, or refusal to accept delivery. In this case, neither response occurred because the letter was returned marked "Unknown." Therefore, as South Eastern would have it, no service took place within the meaning of G.S. 55-146, and the North Carolina courts never acquired in personam jurisdiction over it. However, this argument overlooks that portion of subsection (a) which states, *"Service of process on the foreign corporation shall be deemed complete when the Secretary of State is so served."* While the remainder of the statute provides the procedures which the Secretary of State must follow once he has been served, there is nothing in its language to indicate that the registered mail *must* be either accepted or rejected in order for service to be complete. Such an interpretation would be contrary to the clear legislative intent as expressed in subsection (a) that service is complete when the Secretary of State is served.

**[2]** Further, we do not believe that actual notice to South Eastern was constitutionally required. In *Washington v. Superior Court,* 289 U.S. 361, 77 L.Ed. 1256, 53 S.Ct. 624 (1933), the defendant was a foreign corporation which had dissolved and failed to keep a registered agent to receive service of process as required by Washington law. Service was made upon the Washington Secretary of State who was not required by State law to forward service to the defendant. As a result, the defendant received no actual notice of the litigation and sought a writ of prohibition to prevent further prosecution of the action. The Supreme Court held that service upon the Secretary of State without actual notice to the foreign corporate defendant did not violate defendant's right to due process, and noted:

> ". . . Admission [of a foreign corporation to do business in a State] might be conditioned upon the requirement of substituted service upon a person to be designated either by the corporation, (citations omitted), or might, as here, be upon the terms that if the corporation had failed to appoint or maintain an agent service should be made upon a state officer (citations omitted)." 289 U.S. at 364, 77 L.Ed. at 1259, 53 S.Ct. at 626.

**[3]** Having determined that actual notice to South Eastern was not required by either G.S. 55-146 or by constitutional guarantees of due process, we believe, and so hold, that the substituted service upon the Secretary of State was sufficient to confer in personam jurisdiction over South Eastern.

### AS TO DEFENDANTS SOUTHERN PINES, APPLETON ENTERPRISES, AND APPLETON FARMS

**[4]** Service upon these defendants, all North Carolina corporations, was first attempted by personal service upon Donald K. Appleton in his capacity as defendants' registered agent. All process was returned unserved with the notation "Unable to locate the registered agent." Plaintiff then procured alias and pluries summonses which were served upon the Secretary of State pursuant to G.S. 55-15(b) which provides:

> "(b) Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with due diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process,

notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice or demand. In the event any such process, notice or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered mail, addressed to the corporation at its registered office. Any such corporation so served shall be in court for all purposes from and after the date of such service on the Secretary of State."

Defendants maintain that since the forwarding letters from the Secretary of State were returned marked "Unclaimed," the service was ineffective to bring them within the personal jurisdiction of the North Carolina courts. Again, we cannot agree.

Service upon a corporation by substituted service upon the Secretary of State has been held not to violate due process of law. *Harrington v. Steel Products, Inc.*, 244 N.C. 675, 94 S.E. 2d 803 (1956) ; *Sisk v. Motor Freight Co.*, 222 N.C. 631, 24 S.E. 2d 488 (1943). In those cases, however, there was no question, as here, involving the failure of the defendant to receive actual notice of the litigation from the Secretary of State. G.S. 55-15(b), which directs the Secretary of State to forward the process by registered mail, does not require that the defendant corporation receive actual notice. Therefore, although the statute was fully complied with in this case, we must examine whether defendants were, as they contend, constitutionally entitled to actual notice of process from the Secretary of State.

In *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 94 L.Ed. 865, 70 S.Ct. 652 (1950), the Supreme Court established the test for the constitutional validity of service of process:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S. at 314, 94 L.Ed. at 873, 70 S.Ct. at 657.

*See also: Chadbourn, Inc. v. Katz*, 285 N.C. 700, 208 S.E. 2d 676 (1974) ; *McLean v. McLean*, 233 N.C. 139, 63 S.E. 2d 138

(1951); *Huggins v. DeMent,* 13 N.C. App. 673, 187 S.E. 2d 412, *appeal dismissed,* 281 N.C. 314, 188 S.E. 2d 898 (1972). Thus the test is not whether defendants received *actual* notice but whether the notice was of a nature *reasonably calculated to give them actual notice* and the opportunity to defend.

Here, the defendants were required by G.S. 55-13 to maintain a registered office and registered agent. Their failure to do so caused the process to be twice returned without personal service. Had they conformed to the statutory requirements, both methods of service would have resulted in their receiving actual notice of the lawsuit. Therefore, we believe that the notice given (attempted personal service on registered agent, followed by substituted service on the Secretary of State) was in fact ". . . reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Accordingly, we hold that the service upon the Secretary of State was constitutionally valid and that the trial court acquired in personam jurisdiction over the North Carolina corporations.

### AS TO DEFENDANT APPLETON

[5] The original summons to defendant Appleton was returned marked "Unable to locate within the thirty day time limit." Thereafter, no other attempt to serve him was made. Plaintiff conceded on oral argument that there has been no proper service on this individual defendant so as to confer personal jurisdiction upon the trial court. We agree. Therefore, the portion of the order of Hobgood, Judge, which upheld jurisdiction over defendant Appleton is reversed.

Affirmed in part; reversed in part.

Chief Judge BROCK and Judge BRITT concur.