NANCY CAROL LOVE FORMERLY NANCY LOVE MILLS v. FRANK WILLIAM MOORE AND NATIONWIDE MUTUAL INSURANCE COMPANY

No. 8126SC79

(Filed 3 November 1981)

1. **Rules of Civil Procedure § 60— motion to vacate judgment in movant's favor**

    Plaintiff could properly move under G.S. 1A-1, Rule 60(b) to set aside a judgment in her favor.

2. **Insurance §§ 81, 106.1; Rules of Civil Procedure § 60.2— default judgment against assigned risk insured—absence of notice to insurer—vacation of judgment**

    Where the Court of Appeals held that plaintiff's judgment against an assigned risk insured motorist was a default judgment although no entry of default had been made and that the judgment was unenforceable against defendant insurer because defendant was not notified of the action as required by G.S. 20-279.21(f)(1), defendant insurer had actual notice of the pendency of a claim arising from the accident in question since it had conducted negotiations with plaintiff's attorney, and plaintiff had no knowledge that defendant's insured was an assigned risk although defendant had an opportunity to apprise her of that fact, the trial court did not err in vacating the judgment against the insured upon motion by plaintiff and in authorizing notice to defendant insurer more than seven years after the original complaint was filed.

Love v. Moore

3. **Process § 10.4— service of process by publication—use of incorrect middle name for defendant**

   Notice by publication to defendant's insured was not insufficient because it incorrectly listed insured's middle name as "William" rather than "Willard," although the insured was not personally served and did not appear, where the notice included details of the accident in question.

4. **Constitutional Law § 24.8; Process § 10— service of process by publication—no violation of due process**

   Service of process on defendant's insured by publication in an automobile accident case was not a violation of due process, although plaintiff could have inquired of defendant insurer as to the whereabouts of its insured and could have given defendant formal notice of the action against its insured, where plaintiff unsuccessfully attempted personal service on defendant's insured before resorting to notice by publication, defendant had actual notice of the pendency of a claim arising from the accident in question since it had conducted negotiations with plaintiff's attorney, and plaintiff made good faith efforts to comply with the law as she understood it at the time.

   Judge VAUGHN dissenting.

APPEAL by defendant from *Burroughs, Judge.* Order entered 9 January 1981 in Superior Court, MECKLENBERG County. Heard in the Court of Appeals 1 September 1981.

Plaintiff instituted this action to recover for injuries suffered in an automobile accident with defendant's insured. The facts are largely undisputed.

On 30 October 1970, plaintiff was injured when her automobile collided with that of defendant's insured, Frank Willard Moore. The accident report erroneously listed Moore's name as Frank William Moore.

After the accident plaintiff's attorney entered into negotiations with Nationwide Mutual Insurance Company, defendant here, in an effort to settle her claim. However, negotiations were ended without resolution of the claim in October, 1972. Plaintiff had not been notified that Moore was insured under North Carolina's assigned risk plan.

On 29 October 1973, plaintiff filed this action naming Frank William Moore as defendant. After attempting without success to effect personal service on Moore, plaintiff resorted to notice by publication. Neither plaintiff nor Moore served notice on Nationwide.

No answer was filed and judgment was entered for plaintiff on 30 April 1975. On 31 May 1977, the plaintiff sought enforcement of the judgment against Nationwide. On appeal this Court held, however, that the judgment against Moore was unenforceable against Nationwide because plaintiff had failed to fulfill the notice requirements of G.S. 20-279.21(f)(1) which prohibits use against an insurer of a default judgment against an assigned risk insured unless the insurer was notified of the action.

This Court held, on a question of first impression, that the 1975 judgment was a default judgment although no entry of default had been made. *Love v. Nationwide Mutual Insurance Company*, 45 N.C. App. 444, 263 S.E. 2d 337, *cert. denied* 300 N.C. 198, 269 S.E. 2d 617 (1980).

On 10 June 1980, plaintiff successfully moved to vacate the unenforceable judgment. Nationwide was then given notice as required by the statute and subsequently filed a motion to reconsider and strike the order to vacate and a motion to dismiss for lack of jurisdiction. From denial of those motions, defendant appeals.

*John D. Warren for plaintiff appellee.*

*Kennedy, Covington, Lobdell and Hickman, by William C. Livingston, for defendant appellant.*

ARNOLD, Judge.

[1, 2] Defendant first argues that plaintiff is not entitled to set aside her own judgment. While this was arguably the law according to former G.S. 1-220 which provided for relief to "a party from a judgment . . . taken against him," Rule 60(b) has no language suggesting that the movant for relief from a judgment must be the losing party. It appears, therefore, that in general "any party may seek relief under the rule." W. Shuford, N.C. Civil Practice and Procedure § 60-4 (1975). However, defendant contends that the motion of the plaintiff was improperly granted on the facts of this case because the unenforceability of the judgment, which formed the basis for plaintiff's motion, resulted from plaintiff's own failure to comply with statutory notice requirements. In support of this argument, defendant makes three assignments of error.

Defendant's first contention is that the court erred in finding that the plaintiff followed the law when she obtained a judgment against Moore without giving notice to Nationwide.

While it is true that this Court held in *Love v. Nationwide, supra,* that the judgment which had been entered was in fact a default judgment in spite of the fact that no entry of default was made, it does not follow that plaintiff acted in violation of the law. There is no indication that plaintiff acted in bad faith since she did not know that the judgment would be held to be a default judgment, this case having been one of first impression. Neither was the plaintiff informed by Nationwide that its insured was an assigned risk. Thus, plaintiff acted in compliance with the facts and law as she reasonably understood them in giving notice only to Moore.

Defendant next argues that the court erred in finding that all necessary evidence is still available to Nationwide to defend the action. This finding, defendant contends, is contradicted by the undisputed fact that defendant Moore is now deceased, having died in 1978. In view of the fact that Nationwide had actual notice of the accident shortly after it occurred, and participated in negotiations with plaintiff's attorney regarding her claim, we find this argument unpersuasive. Nationwide had ample opportunity to depose its insured or to take whatever other action it deemed appropriate to preserve evidence favorable to Moore's defense. While it is true that not all of the evidence available in 1973 is now available to defendant, the court did not err in finding that all evidence necessary to trial is still available.

Defendant's third contention is that the court erred in vacating the judgment against Moore and authorizing notice to Nationwide more than seven years after the original complaint. In supporting this contention, defendant characterizes plaintiff's failure to give notice to the insurer as a "voluntary and conscious choice" designed "to circumvent the law of North Carolina."

While it is clear, in retrospect, that plaintiff should have given notice to Nationwide, her failure to do so hardly raises a presumption of insidious design. Plaintiff had no knowledge of the fact that defendant's insured was an assigned risk although defendant had opportunities to apprise her of the fact. Neither could she know that her understanding of the law with regard to the

entry of default judgments would prove erroneous in light of a subsequent holding of this Court. Finally, plaintiff knew that Nationwide had actual notice of the pendency of a claim arising from the accident in question since negotiations had been conducted between the parties. Moreover, if the statute is construed as placing the burden on the claimant to ascertain whether an insured is an assigned risk in order that the claimant may comply with the notice requirements thereby imposed, failure to do so is, in all likelihood, a matter of attorney neglect. As this Court has clearly stated, "[t]he neglect of the attorney will not be imputed to the litigant unless he is guilty of *inexcusable* neglect." (Emphasis added.) *Kirby v. Asheville Contracting Co., Inc.*, 11 N.C. App. 128, 132, 180 S.E. 2d 407, 410 (1971). We do not find the failure to inquire as to whether defendant's insured was an assigned risk to have been inexcusable neglect under these circumstances.

In its second question presented, defendant challenges the court's assertion of jurisdiction over defendant's insured.

[3] Defendant first contends that notice to Moore was insufficient because his middle name was incorrect in the published notice. We agree with defendant that such an error takes on greater significance in a case such as this where the defendant failed to appear, and was not personally served with process, than in cases where process is personally served and/or the defendant appears. However, defendant does not claim that it was unaware of the identity of its insured or of its own potential liability for the injury to plaintiff. Moreover, defendant made no attempt to correct plaintiff's misunderstanding as to the name of its insured during negotiations on plaintiff's claim or at any other time.

While it is possible that Moore would have been misled by the error in the published notice, this risk was reduced by the inclusion in the notice of details of the accident. We find, therefore, that notice did not fail, on the facts of this case, as a result of plaintiff's mistake as to the middle name of defendant's insured.

[4] Defendant's final argument is that service of process by publication was a violation of due process under the circumstances of this case. We find this to be the most persuasive of defendant's arguments.

In determining the constitutional sufficiency of notice afforded defendant's insured, the question is whether the notice given

was "of a nature reasonably calculated to give [him] actual notice and the opportunity to defend." *Royal Business Funds Corp. v. South Eastern Development Corp.*, 32 N.C. App. 362, 369, 232 S.E. 2d 215, 219, *cert. denied* 292 N.C. 728, 235 S.E. 2d 784 (1977).

Notice by publication is generally justified only when more adequate means of service have been exhausted. Publication clearly is not a dependable means of putting a defendant on notice. Here, plaintiff attempted personal service on defendant's insured without success before resorting to notice by publication. A reasonable argument might be made that plaintiff's efforts were not sufficiently diligent to fulfill the demands of due process. Plaintiff could have inquired of Nationwide as to the whereabouts of its insured and/or could have given Nationwide formal notice of the action against its insured so that it could exercise its right to come in and defend. Plaintiff's failure to do this weighs against her. However, in view of defendant's actual notice of the claim, and plaintiff's good faith efforts to comply with the law as she reasonably understood it at the time, we affirm the trial court's ruling that plaintiff be permitted to pursue her claim in court.

Affirmed.

Judge WEBB concurs.

Judge VAUGHN dissents.

Judge VAUGHN dissenting.

I must respectfully dissent for a number of reasons. In the first place, plaintiff is not a party aggrieved by the judgment against Moore from which she seeks to be relieved. She was obviously satisfied with that verdict and judgment. Her present predicament stems from her failure timely to take the steps necessary to get a judgment against a different entity—Nationwide. Moreover, even if plaintiff could be said to be entitled to any relief from that judgment, it would have to be based on either "Mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1). A motion on one of those grounds has long since been barred because it must be made within one year of the judgment. Significantly, plaintiff's motion does not set out the rule

number or numbers under which she was proceeding, as required by Rule 6 of the General Rules of Practice for the Superior and District Courts. Finally, I cannot agree that Rule 60(b)(6), even if applicable, could afford plaintiff relief because, in my opinion, she has shown no reason "justifying relief" within the meaning of that section (even if it could be said the motion was made within a reasonable time). The accident occurred on 30 October 1970, and plaintiff was aware that Moore was insured by Nationwide. On 29 October 1973, just before the action would have been barred by the statute of limitations, she filed her complaint against Frank *William* Moore. No notice was given to Nationwide, known by plaintiff to be Moore's insurer. Alias and pluries summons were returned unserved, and Frank *William* Moore was served by publication in Mecklenburg County. On 30 April 1975, nearly two years after the suit was filed and nearly five years after the accident, plaintiff obtained a default judgment—still without giving Nationwide notice of the suit. Finally on 31 May 1977, nearly seven years after the accident, plaintiff tried to assert a claim against Nationwide. Moore, the insured, died in July 1978 in Rowan County. The order from which Nationwide appeals was entered 11 June 1980, nearly ten years after the accident occurred. To require Nationwide to defend this stale claim against its former insured whose voice is forever silenced, under the ruse of a Rule 60(b)(6) motion, is not a proper use of that "grand reservoir of equitable power to do justice in a particular case" referred to in 7 Moore's Federal Practice, ¶ 60.27(2), at 375 (2d ed. 1979).

For the reasons stated, I respectfully suggest that the order from which defendant appeals should be reversed.