SOUTH CAROLINA INSURANCE COMPANY v. HALLMARK ENTERPRISES, INC.; BAILEY'S TUNNEL ROAD CAFETERIA, INC.; AND GURTHA HUGGINS v. McNEIL-PATTERSON AGENCY, INC.

No. 8728SC547

(Filed 16 February 1988)

**Process § 12; Insurance § 66— failure to maintain agent for corporate service of process—service of process effective—failure to give notice to insurer**

    Where a patron of defendant cafeteria slipped and fell, the trial court properly entered judgment in favor of plaintiff, defendant cafeteria's insurer, finding that plaintiff was not liable for any judgment received by the patron in her action against the cafeteria, since the patron's service of process upon defendant was effective; defendant failed to comply with N.C.G.S. § 55-13 by failing to maintain an agent and address for corporate service of process and because of this failure was estopped from complaining it did not receive the patron's complaint and summons forwarded by the Secretary of State; defendant failed to forward to plaintiff insurer the summons and complaint as required by its insurance contract prior to entry of the default judgment; and as a result of defendant's failure, plaintiff's ability to defend against the patron's action was materially prejudiced.

APPEAL by defendant Gurtha Huggins from *Lewis (Robert D.), Judge*. Judgment entered 19 March 1987 in Superior Court,

BUNCOMBE County. Heard in the Court of Appeals 1 December 1987.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Michelle Rippon and Allan R. Tarleton, attorneys for plaintiff-appellee.*

*Reynolds & Stewart, by G. Crawford Rippy, III, attorney for defendant-appellant.*

ORR, Judge.

Plaintiff South Carolina Insurance Company (S.C. Ins. Co.) moved for a declaratory judgment to determine its liability for the judgment obtained by defendant Gurtha Huggins (Huggins), against S.C. Ins. Co.'s policyholder, Bailey's Tunnel Road Cafeteria (Bailey's). In response to the declaratory judgment action, Huggins counterclaimed for the payment of a default judgment previously entered against Bailey's. S.C. Ins. Co. replied to Huggins' claim by cross-claiming against Bailey's' insurance agent, McNeil-Patterson Agency, Inc., for indemnity.

The trial court, sitting without a jury, entered judgment in S.C. Ins. Co.'s favor, finding it was not liable for any judgments received by Huggins in her action against Bailey's.

The undisputed facts of this case are as follows:

On 15 April 1981 Huggins fell on Bailey's' premises and was injured. At the time of the accident, Bailey's' general manager prepared an accident report which his superior submitted to Bailey's' insurance agent, McNeil-Patterson Agency, Inc. The insurance agent did not forward notice of the accident to Bailey's' insurer, S.C. Ins. Co.

On 3 February 1984 Huggins filed a negligence suit against Bailey's to recover damages for the injuries she suffered in her 15 April 1981 fall. Huggins served process for her action by sending the summons and complaint, pursuant to N.C.G.S. § 55-15, to the office of the Secretary of State on 8 February 1984.

The Secretary of State's office forwarded the documents by certified mail to E. O. Hall at 4808 Montclair Avenue, Charlotte, North Carolina, the registered agent and address listed by Bailey's with the Secretary of State, pursuant to N.C.G.S. § 55-13.

Hall, however, had moved to Spartanburg, South Carolina in July 1973 and had failed to notify the Secretary of State, as required by N.C.G.S. § 55-14, of his change of address. Consequently, the summons and complaint were returned to the Secretary of State marked "return to sender, not deliverable as addressed, unable to forward."

Huggins proceeded to trial in her action, and on 27 June 1984 she requested and received a default judgment for $121,126 against Bailey's.

Approximately one year later on 9 July 1985 Huggins notified Bailey's of the judgment and demanded payment. Bailey's immediately called its insurance agent, McNeil-Patterson Agency, Inc., which then contacted Bailey's' insurer, S.C. Ins. Co.

Bailey's sought to overturn Huggins' default judgment. However, this Court in *Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 351 S.E. 2d 779 (1987), affirmed the judgment's enforceability on appeal.

S.C. Ins. Co. denied insurance coverage to Bailey's for Huggins' judgment, contending Bailey's had failed to comply with the following notice requirements, contained in its insurance contract.

D. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT:

1. In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable.

2. If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

Based upon the above facts the trial court concluded as a matter of law: (1) Huggins' service of process upon Bailey's was effective; (2) Bailey's failed to comply with N.C.G.S. §§ 55-13 and 66-68 and because of this dereliction was estopped from complain-

ing it did not receive Huggins' complaint and summons forwarded by the Secretary of State; (3) Bailey's failed to forward to S.C. Ins. Co. the summons and complaint as required by its insurance contract prior to entry of the default judgment; (4) as a result of Bailey's' failure, S.C. Ins. Co.'s ability to defend against Huggins' action was materially prejudiced. The trial court then held S.C. Ins. Co. was not liable for any of Huggins' claims or judgments against Bailey's.

## I.

On appeal, Huggins listed three exceptions in her brief. However, she argued and cited authority in support of only one exception; therefore, she is presumed to have abandoned the two unsupported exceptions. N.C.R. App. P. 28(b)(5); *State v. West*, 317 N.C. 219, 345 S.E. 2d 186 (1986).

## II.

The single issue before this Court on appeal is whether entry of the trial court's judgment was proper.

When entry of a judgment is challenged and no exceptions to the evidence or the trial court's findings of fact are made, the questions presented for appellate review are (1) whether the facts found are sufficient to support the conclusions of law and the entry of the judgment, and (2) whether the judgment is proper in form. *Hinson v. Jefferson*, 287 N.C. 422, 215 S.E. 2d 102 (1975); *State v. Johnson*, 64 N.C. App. 256, 307 S.E. 2d 188 (1983), *remanded on other grounds*, 310 N.C. 581, 313 S.E. 2d 580 (1984). A challenge to entry of the judgment does not bring up for review the sufficiency of the evidence to support the trial court's findings. *Modica v. Rodgers*, 27 N.C. App. 332, 219 S.E. 2d 260 (1975).

Defendant Huggins argues entry of the judgment was error as a matter of law because Bailey's never received notice of Huggins' lawsuit before entry of the default judgment and, therefore, could not have complied with the contract notice provision by giving notice of the lawsuit to its insurer, S.C. Ins. Co., at an earlier time.

Notice provisions in insurance contracts have long been recognized as valid in North Carolina. *Davenport v. Indemnity Co.*,

283 N.C. 234, 195 S.E. 2d 529 (1973); *Poultry Corp. v. Insurance Co.*, 34 N.C. App. 224, 237 S.E. 2d 564 (1977). "The purpose and intention of an insurance contract's notice provision is to enable the insurer to begin its investigation and to initiate other procedures as soon as possible after a claim arises, and to avoid any prejudice that might be caused by a delay in receiving notice." H. Ralston, *Great American Insurance Co. v. C. G. Tate Construction Co.: Interpretation of Notice Provisions in Insurance Contracts*, 61 N.C. L. Rev. 167 (1982); *Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769 (1981).

The enforcement of notice provisions was specifically addressed by the Supreme Court in *Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769, where it adopted the modern rule of reasonable expectations. This promotes the social policy of compensating the injuries of the innocent public, fulfills the reasonable expectations of the insurer, and protects the insurer's ability to defend its own interests. It is embodied in the following three-part test which states:

> When faced with a claim that notice was not timely given, the trier of fact must first decide whether the notice was given as soon as practicable. If not, the trier of fact must decide whether the insured has shown that he acted in good faith, *e.g.*, that he had no actual knowledge that a claim might be filed against him. If the good faith test is met the burden then shifts to the insurer to show that its ability to investigate and defend was materially prejudiced by the delay.

*Insurance Co. v. Construction Co.*, 303 N.C. at 399, 279 S.E. 2d at 776.

First, to determine if notice was given as soon as practicable, the trial court must examine the specific facts and circumstances of each case. *Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769. A notice provision will not be "given a greater scope than required to fulfill its purpose . . . [of protecting] the ability of the insurer to defend by preserving its ability fully to investigate [and litigate] the accident . . . . If, under the circumstances of a particular case, the purpose behind the requirement has been met, the insurer will not be relieved of its obligations. If, on the other hand, the purpose of protecting the insurer's ability to de-

fend has been frustrated, the insurer has no duty under the contract." *Insurance Co. v. Construction Co.*, 303 N.C. at 396, 279 S.E. 2d at 774-75.

Three of the trial court's findings of fact address the circumstances surrounding Bailey's' receipt of notice of Huggins' lawsuit, and state:

(1) When Hallmark purchased its 80% share of Bailey's in 1972, the name and address of the registered agent for both corporations were changed in the Secretary of State's office to E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina. Hall moved from Charlotte to Spartanburg, South Carolina in July, 1973. Thereafter, neither Hallmark nor Bailey's maintained a registered agent in North Carolina.

(2) The original Summons in Case No. 84 CVS 0277 was issued on February 3, 1984 and was directed to the "Honorable Thad Eure, Secretary of State of North Carolina, Raleigh, North Carolina 27611, Civil Process Agent for Bailey's Tunnel Road Cafeteria, Inc., C/O E. O. Hall, Registered Agent, 4808 Montclair Avenue, Charlotte, North Carolina." The Summons was served by the Sheriff of Wake County upon the Secretary of State's office on February 9, 1984. The Secretary's office did forward by certified mail a copy of the Summons and Complaint to Bailey's, in care of E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina. The Summons and Complaint were returned by the U.S. Postal Office to the Secretary of State marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward."

(3) Hall first learned of both lawsuits more than a year later in July of 1985 from a telephone call from Huggins' attorney. Following that call he received from Huggins' attorney copies of the suit papers and forwarded these to the Third-Party Defendant, McNeil-Patterson Agency, Inc., an agent for Plaintiff. On July 11, 1985, McNeil-Patterson notified South Carolina Insurance of Huggins' claim by sending a loss notice.

These findings clearly show that Bailey's failed to receive notice of Huggins' lawsuit in February 1984, when the Secretary of State forwarded a copy of the summons and complaint to Hall

at 4808 Montclair Avenue, Charlotte, North Carolina, because it failed to properly maintain an agent and address for service of process.

The listing of an agent for corporate service of process with the Secretary of State is not a voluntary action, subject to the discretion of the corporation. This listing is legislatively mandated by N.C.G.S. § 55-13. Furthermore, this Court has held that service of process on the Secretary of State, when a corporation has complied with N.C.G.S. § 55-13, is reasonably calculated to give parties to an action actual notice and the opportunity to defend. *Business Funds Corp. v. Development Corp.*, 32 N.C. App. 362, 232 S.E. 2d 215, *disc. rev. denied*, 292 N.C. 728, 235 S.E. 2d 784 (1977).

Based on the facts and law discussed above, we conclude that Bailey's may not rely on its violation of N.C.G.S. § 55-13 to justify its failure to receive notice in February 1984. Consequently, Bailey's did not give notice of the suit to S.C. Ins. Co. at the time it was reasonably expected to receive actual notice of the action, February 1984. Therefore, Bailey's failed to notify S.C. Ins. Co. as soon as practicable.

In addition we hold that the findings of fact discussed above support the trial court's Conclusions of Law Nos. 2 and 3, which address this question and state:

2. Bailey's failed to comply with the provisions of G.S. 55-13 and G.S. 66-68 and is estopped to complain that it did not receive the Complaint and Summons forwarded to it by the Secretary of State when its own dereliction resulted in those documents being returned undelivered.

3. Bailey's failed to forward to Plaintiff copies of the Complaint and Summons as required by the policy prior to entry of judgment against it.

Secondly, the trial court must determine whether Bailey's acted in good faith when it failed to give timely notice of Huggins' suit to S.C. Ins. Co.

The test "of good faith involves a two-part inquiry: (1) Was the insured aware of his possible fault, and (2) Did the insured purposefully and knowingly fail to notify the insurer?" *Great*

*American Ins. Co. v. C. G. Tate Construction Co.*, 315 N.C. 714, 720, 340 S.E. 2d 743, 747 (1986).

"The good faith test is phrased in the conjunctive: both knowledge *and* the deliberate decision not to notify must be met for lack of good faith to be shown. If the insured can show that either does not apply, then the trial court must find that the insured acted in good faith." *Id.* (emphasis supplied).

In the present case, Finding of Fact No. 12 states, in pertinent part: "Hall [i.e. Bailey's] first learned of both lawsuits more than a year later in July 1985 from a telephone call from Huggins' attorney."

This finding shows that Bailey's did not know of the lawsuit and, therefore, could not have deliberately failed to notify S.C. Ins. Co. of the pending action prior to July 1985.

Although Bailey's' failure to comply with N.C.G.S. § 55-13 prevented it from notifying S.C. Ins. Co. as soon as practicable, under the standard articulated above, this failure does not constitute bad faith.

Finally, the trial court must determine whether S.C. Ins. Co. was materially prejudiced by Bailey's' delay in giving notice.

S.C. Ins. Co. bears the burden of proving it was materially prejudiced by Bailey's' delay. *Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769. To meet this burden S.C. Ins. Co. must show that the changed circumstances caused by the delay "materially impair[ed] its ability to investigate the claim or defend and, thus, to prepare a viable defense." *Insurance Co. v. Construction Co.*, 303 N.C. at 398-99, 279 S.E. 2d at 776.

The trial court made the following findings pertaining to this question:

(1) On February 3, 1984, Huggins filed a second lawsuit against Bailey's in Case 84 CVS 0277 with nearly the same allegations she had asserted against Hallmark, but alleged that her April 15, 1981 fall occurred on Bailey's['] premises.

(2) Huggins moved for entry of default on May 19, 1984, and the Clerk entered Bailey's['] default that same day. Judge C. Walter Allen heard the default and inquiry without a jury

and entered a default judgment against Bailey's in the amount of $121,126.00 on June 27, 1984.

(3) Hall first learned of both lawsuits more than a year later in July of 1985 from a telephone call from Huggins' attorney. Following that call he received from Huggins' attorney copies of the suit papers and forwarded these to the Third-Party Defendant, McNeil-Patterson Agency, Inc., an agent for Plaintiff. On July 11, 1985, McNeil-Patterson notified South Carolina Insurance of Huggins' claim by sending a loss notice.

From these findings it is clear S.C. Ins. Co. did not receive notice of Huggins' action until more than a year after the default judgment was entered in Huggins' favor. As a result of Bailey's' delay, S.C. Ins. Co. was prevented from either investigating or litigating Huggins' action, and instead, was presented with a valid and enforceable default judgment. Accordingly we conclude that Bailey's' delay materially prejudiced S.C. Ins. Co.'s ability to protect its interests.

These findings fully support the trial court's Conclusion of Law No. 4, which states:

4. Plaintiff's ability to defend the action brought by Huggins against Bailey's was materially prejudiced by that failure [to notify].

A review of the trial court's judgment discloses that the findings of fact support the conclusions of law drawn therefrom.

Further review shows that these findings and conclusions sufficiently address each of the three inquiries contained in the test promulgated by the Supreme Court in *Insurance Co. v. Construction Co.*, 303 N.C. 387, 279 S.E. 2d 769; thus, permitting this Court to find, based upon the evidence before it, that Bailey's' failure to comply with the notice provisions relieved S.C. Ins. Co. from liability under its insurance contract.

For the reasons discussed above, this Court concludes that the judgment was proper in form and that the facts found by the trial court were sufficient to support its conclusions of law and the entry of its judgment.

Affirmed.

Judges ARNOLD and JOHNSON concur.