ANDERSON TRUCKING SERVICE, INC. v. KEY WAY TRANSPORT, INC.

No. 8814SC768

(Filed 6 June 1989)

1. **Rules of Civil Procedure § 60.2— relief from default judgment— inexcusable neglect—disinterested registered agent—failure to monitor corporate affairs**

The trial court did not err in concluding that defendant foreign corporation was not entitled to relief from a default judgment under Rule 60(b)(1) because its failure to appear was the result of inexcusable neglect in failing to appoint a registered agent with some interest in the corporation and in failing to monitor its corporate affairs to ensure that it was notified of claims against it where defendant had no registered agent in this state to receive service of process although it did business in this state; the summons and complaint were served upon defendant's registered agent in Maryland by certified mail; the registered agent had had no interest in the corporation for eight years and had requested more than once to be replaced; the agent mailed the summons and complaint to defendant, but they were apparently lost in the mail and not received by defendant; a copy of plaintiff's motion for default judgment and notice of hearing were also mailed to the registered agent, but these were not received by defendant; and defendant failed to appear at the default judgment hearing.

2. **Rules of Civil Procedure § 60.2— foreign corporation—service on registered agent—loss of summons and complaint in mail— no extraordinary circumstance—relief from default judgment not required**

Loss in the mail of the summons and complaint when they were mailed by defendant foreign corporation's registered agent to defendant did not constitute an "extraordinary circumstance" responsible for defendant's failure to appear so that justice demanded that a default judgment against defendant be set aside under Rule 60(b)(6) where defendant corporation had exhibited a longstanding pattern of irresponsibility and disregard of legal matters by maintaining a registered agent for service of process who no longer had an interest in the corporation and who had requested more than once

to be replaced, and where defendant failed to respond to two communications about the pending suit, only one of which was allegedly lost in the mail.

**3. Constitutional Law § 24.7; Process § 13 — foreign corporation — service of process on registered agent — absence of actual notice — due process**

 Defendant foreign corporation was not deprived of due process by its lack of actual notice of plaintiff's action against it where the summons and complaint were served by certified mail upon the corporation's registered agent in Maryland since (1) the method of service used was reasonably calculated to give actual notice to defendant, and (2) service of process on defendant's registered agent was binding upon defendant when the agent was served, not when this service actually came to the attention of an officer or agent charged with defending actions against defendant.

APPEAL by defendant from *Henry V. Barnette, Jr., Judge.* Order entered 8 March 1988 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 February 1989.

*Newsom, Graham, Hedrick, Bryson & Kennon, by Charles F. Carpenter, for plaintiff-appellee.*

*Spears, Barnes, Baker, Hoof & Wainio, by Robert F. Baker, for defendant-appellant.*

BECTON, Judge.

Defendant Key Way Transport, Inc. ("Key Way") appeals from denial of its motion to set aside a $309,926 default judgment entered in favor of plaintiff Anderson Trucking Service, Inc. ("Anderson Trucking"). The trial judge denied relief from the default judgment on the ground that Key Way's failure to appear in the action was due to its own "inexcusable neglect," namely, (1) maintaining for several years a registered agent for service of process who had no interest in the company and who requested that he be replaced, and (2) failing to monitor its corporate affairs. Key Way contends on appeal that the default judgment should have been set aside because it had no actual notice of the claim since, although the Summons and Complaint were served upon its registered agent, the documents were subsequently lost in the mail when forwarded

ANDERSON TRUCKING SERVICE v. KEY WAY TRANSPORT

[94 N.C. App. 36 (1989)]

by the agent to Key Way's president. For the reasons that follow, we affirm the order of the trial court.

I

The record on appeal reveals that Key Way, owned by Cowan Enterprises, is a foreign corporation, incorporated in the State of Maryland. Key Way does not dispute that it conducted business in North Carolina but maintained no registered agent for service of process here. However, Key Way did have a registered agent listed in Maryland's official corporate records; that agent was Russell Lee Siegel, Key Way's original owner.

Mr. Siegel incorporated the company in Maryland in 1978, naming himself as its registered agent. Through no action on his part, and against his wishes, Mr. Siegel remained Key Way's registered agent even after he sold the company to Cowan Enterprises in 1979. More than once, and as late as 1982, Mr. Siegel asked Key Way's president, Joseph Cowan, to name someone else as the registered agent. Mr. Cowan failed to do so. Although Mr. Siegel no longer had any interest in Key Way, he continued to occasionally receive mail as the company's registered agent.

On 26 June 1987, Anderson Trucking filed the present action, alleging intentional interference with a third party contract, and a summons was issued against Key Way. The same day, having found no registered agent for the company in North Carolina, Anderson Trucking mailed the Summons and Complaint to Key Way's registered agent at the address listed in the State of Maryland's corporate records. The papers were sent by certified mail, return receipt requested, to Key Way, "c/o Russell Lee Siegel—Registered Agent for Service of Process, 8216 Bletzer Street, Baltimore, Maryland 21222."

John Gunn, Mr. Siegel's employee authorized to sign for any certified mail addressed to him, received and signed for the Summons and Complaint on 3 July 1987. Mr. Gunn immediately gave the papers to Mr. Siegel, who then forwarded them to Key Way's correct address. The papers were sent by regular mail to "Key Way Transport, Inc., to the attention of Joseph Cowan, 820 South Oldham Street, Baltimore, Maryland 21224."

The Summons and Complaint apparently were lost in the mail, never reaching Mr. Cowan or Key Way. As a result, Key Way failed to respond or to appear in the action. Anderson Trucking

obtained an entry of default on 4 August 1987, and on 22 September, moved for judgment by default.

Anderson Trucking mailed a copy of the Motion for Default Judgment and a Notice of Hearing to Key Way in care of Mr. Siegel at the Bletzer Street address. It is not clear from the record whether Mr. Siegel received the Motion and Notice of Hearing, or whether he forwarded those documents to Key Way. In any event, Key Way did not appear at the hearing. On 1 October 1987, after taking evidence, the trial judge entered judgment by default in the amount of $309,926 against Key Way.

The suit came to Key Way's attention on 21 October 1987 when the Durham County Sheriff's Department notified the company concerning execution on the judgment. Key Way immediately moved to set aside the entry of default and default judgment. Four hearings on the matter were held in November 1987 and in January and March 1988. The motion for relief was denied 8 March 1988.

The trial judge made the following conclusions of law, to which Key Way assigns error on appeal:

6. The actions of [Key Way] in failing, since 1979, to the date of this action, to change its registered agent from Russell Lee Siegel who had previously asked to be removed as registered agent and who had no further interest in [Key Way's] operation, to someone more closely associated with [Key Way] by employment or by financial interest, or to take adequate steps to monitor its corporate affairs to ensure that Notices or summonses received by its registered agent were properly noted and acted upon, constitutes *inexcusable neglect* not entitling it to relief from the prior judgment and Order . . . pursuant to rule 60(b)(1) of the [R]ules of Civil Procedure.

7. [Key Way] has neither demonstrated that *extraordinary circumstances* exist nor has [Key Way] made a showing that *justice demands* the relief sought, and therefore [Key Way] is not entitled to any equitable relief pursuant to Rule 60(b)(6) of the Rules of Civil Procedure.

(Emphasis added.)

Key Way contends on appeal that the trial judge erred in concluding that Key Way's failure to defend the action was the re-

sult of its own "inexcusable neglect." Key Way argues that its failure to appear was due to error on the part of the postal service, a circumstance beyond Key Way's control and completely unrelated to Mr. Siegel's continued position as named registered agent. Key Way further contends that the loss in the mail of the Summons and Complaint constituted an "extraordinary circumstance" and, accordingly, that "justice demanded" the judgment be set aside. Finally, Key Way contends that because it had no actual notice of the claim, the judge's denial of its motion was an abuse of discretion and violated Key Way's due process rights.

II

We first consider Key Way's contentions that the trial judge abused his discretion by denying relief from the default judgment pursuant to subsections (b)(1) and (b)(6) of Rule 60.

Rule 60(b), "a grand reservoir of equitable power," *Jim Walter Homes, Inc. v. Peartree*, 28 N.C. App. 709, 712, 222 S.E. 2d 706, 708 (1976), permits relief from default judgment under subsection (b)(1) when the judgment resulted from "[m]istake, inadvertence, surprise, or excusable neglect," and under subsection (b)(6) if it appears that "[a]ny other reason [exists] justifying relief from the operation of the judgment." N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 60(b)(1), 60(b)(6) (1983). The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse of discretion. *Thomas M. McInnis & Assocs. v. Hall*, 318 N.C. 421, 425, 349 S.E. 2d 552, 554 (1986); *Huggins v. Hallmark Enter., Inc.*, 84 N.C. App. 15, 25, 351 S.E. 2d 779, 785 (1987).

A.  Relief under Rule 60(b)(1)

[1]  Key Way contends that its failure to appear was due to the loss of the Summons and Complaint in the mail, and, therefore, that it should be relieved from the default judgment on grounds of "surprise" or "excusable neglect" within the meaning of Rule 60(b)(1). However, a party whose failure to appear is due to its own "inexcusable" neglect is not entitled to relief from judgment by default on the basis of either surprise or excusable neglect. *See, e.g., City of Durham v. Keen*, 40 N.C. App. 652, 660, 253 S.E. 2d 585, 590 (1979) (relief will be denied when party fails to show excusable neglect); *Endsley v. Wolfe Camera Supply Corp.*, 44 N.C. App. 308, 310, 261 S.E. 2d 36, 38 (1979) ("surprise" is

ANDERSON TRUCKING SERVICE v. KEY WAY TRANSPORT

[94 N.C. App. 36 (1989)]

"some condition or situation in which a party . . . is unexpectedly placed to his injury, *without any fault or negligence on his own, which ordinary prudence could not have guarded against*" (emphasis added) (citations omitted) ).

Whether neglect is "excusable" or "inexcusable" is a question of law which "depends upon what, under all the surrounding circumstances, may be reasonably expected of a party" to litigation. *McInnis*, 318 N.C. at 425, 349 S.E. 2d at 555. The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion. *In re Hall*, 89 N.C. App. 685, 687, 366 S.E. 2d 882, 884, *disc. rev. denied*, 322 N.C. 835, 371 S.E. 2d 277 (1988). Once excusable neglect has been shown as a matter of law, "whether the judge shall then set aside the judgment or not rests 'in his discrection . . . .'" *Morris v. Liverpool, London & Globe Ins. Co.*, 131 N.C. 212, 213, 42 S.E. 577, 578 (1902); *accord McInnis*, 318 N.C. at 425, 349 S.E. 2d at 554.

In the case before us, the trial judge found that Key Way failed for eight years to designate a new registered agent, and further failed, for at least five years, to honor Mr. Siegel's request to be replaced by another registered agent. The judge also found that neither the Summons and Complaint nor the Motion and Notice of Hearing were received by Mr. Cowan or any other employee of Key Way. Based on these findings, the judge concluded as a matter of law that Key Way's failure to appoint a registered agent with some interest in the company, and its accompanying failure to monitor its corporate affairs, together constituted inexcusable neglect. We hold that the evidence and findings support that conclusion.

The settled rule in North Carolina is that a party served with a summons must give the matter the attention a person of ordinary prudence would give to important business, and failure to do so is not excusable neglect. *See, e.g., E. Carolina Oil Transp., Inc. v. Petroleum Fuel & Term. Co.*, 82 N.C. App. 746, 748, 348 S.E. 2d 165, 167 (1986), *disc. rev. denied*, 318 N.C. 693, 351 S.E. 2d 745 (1987). A logical extension of that rule is that a corporation which fails to pay due attention to the possibility that it could be involved in litigation, as here, by failing to take steps to ensure that it is notified of claims pending against it, is guilty of inexcusable neglect.

ANDERSON TRUCKING SERVICE v. KEY WAY TRANSPORT

[94 N.C. App. 36 (1989)]

In this case, Key Way's failure to adequately monitor its corporate affairs is glaring. Not only did it fail to change registered agents in Maryland, it failed altogether to name one in this State as required by N.C. Gen. Stat. Secs. 55-138 and 55-141 (1982). Furthermore, in our view, had Key Way established some means to ensure that it was promptly informed of important business matters coming to Mr. Siegel's attention, the loss of the Summons and Complaint in the mail would not have gone unnoticed, and it would have received the Motion for Default Judgment and Notice of Hearing. As a result, Key Way would have appeared in the action, and would not have suffered the prejudice of which it now complains.

We hold that Key Way's own neglect, not any intervening negligence of the postal service, was responsible for its failure to appear in the action. *See Hester v. Miller*, 41 N.C. App. 509, 513, 255 S.E. 2d 318, 321, *disc. rev. denied*, 298 N.C. 296, 259 S.E. 2d 913 (1979). *Cf. Morris*, 131 N.C. at 213-14, 42 S.E. at 578 (failure by foreign corporation's agent for service of process to notify it of service was "gross and inexcusable neglect" which was imputed to corporation since "[w]ith the slightest attention to the case, it should have been known that a complaint was filed. . . ."); *Townsend v. Carolina Coach Co.*, 231 N.C. 81, 84, 56 S.E. 2d 39, 41 (1949) (neglect of agent, a non-employee authorized by law to receive service, not imputed to domestic corporation). We find especially telling Key Way's failure to receive the Motion and Notice of Hearing, since this failure was wholly unrelated to the alleged loss of the Summons and Complaint in the mail.

The trial judge committed no error in denying Key Way's motion for relief under Rule 60(b)(1).

B.   Relief under Rule 60(b)(6)

[2]   Key Way contends that the trial judge abused his discretion by refusing to grant equitable relief from the judgment under Rule 60(b)(6). Key Way argues that the loss of the Summons and Complaint in the mail was an extraordinary circumstance, and, therefore, that justice demanded the judgment be set aside.

A default judgment may be set aside under Rule 60(b)(6) only upon a showing that (1) extraordinary circumstances were responsible for the failure to appear, and (2) justice demands that relief. *See Huggins*, 84 N.C. App. at 24-25, 351 S.E. 2d at 785. The decision to grant this rule's exceptional relief is discretionary with the trial

judge. *Id.* at 25, 351 S.E. 2d at 785. Because this court "cannot substitute 'what it consider[s] to be its own better judgment' for a discretionary ruling of a trial court," we may not overturn the judge's ruling unless it was " 'manifestly unsupported by reason.' " *Id.* (citations omitted).

While the law does not favor default, preferring instead that controversies be resolved on their merits, "it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." *Howell v. Haliburton*, 22 N.C. App. 40, 42, 205 S.E. 2d 617, 619 (1974). Likewise, courts justifiably disapprove of a corporation's failure to properly maintain a registered agent because that requirement is "designed to inform potential litigants of necessary information," *Huggins*, 84 N.C. App. at 25, 351 S.E. 2d at 785, thereby protecting the corporation's interests and guarding against judgment by default, as well as reducing the chance that the corporation will avoid paying a judgment by evading service of process. *See, e.g., id.; S.C. Ins. Co. v. Hallmark Enter., Inc.*, 88 N.C. App. 642, 648, 364 S.E. 2d 678, 681, *disc. rev. denied*, 322 N.C. 482, 370 S.E. 2d 228 (1988).

Had this simply been a "lost mail" case, particularly in light of the large judgment awarded, we might be inclined to say that extraordinary circumstances existed and that justice demanded relief from the judgment. *Cf. Townsend*, 231 N.C. at 85, 56 S.E. 2d at 41 (citing with approval W. Va. case in which relief from default was granted because summons was lost in mail). We will not do so when, as here, the evidence suggests that the corporation exhibited a longstanding pattern of irresponsibility and disregard of legal matters and failed to respond to *two* communications about a pending suit, only one of which allegedly was lost in the mail. Under circumstances such as this, we cannot say that the trial judge's discretionary ruling allowing the judgment to stand was "manifestly unsupported by reason." *Accord, Kennedy v. Starr*, 62 N.C. App. 183, 186-87, 302 S.E. 2d 497, 500, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983).

The trial judge committed no error in refusing to set aside the default judgment under Rule 60(b)(6).

## III

[3] We next consider Key Way's argument that its lack of actual notice of the claim against it deprived it of due process of law.

ANDERSON TRUCKING SERVICE v. KEY WAY TRANSPORT

[94 N.C. App. 36 (1989)]

A.  Actual Notice Not Required to Satisfy Due Process

Proper service of process upon a corporate defendant is a prerequisite to personal jurisdiction; without it, judgment entered by default violates due process and is void. *See generally Huggins*, 84 N.C. App. at 21, 351 S.E. 2d at 783; *Royal Business Funds Corp. v. S.E. Dev. Corp.*, 32 N.C. App. 362, 366-67, 232 S.E. 2d 215, 218, *disc. rev. denied*, 292 N.C. 728, 235 S.E. 2d 784 (1977). However, a party failing to receive *actual notice* of a claim against it suffers no due process violation so long as the notice given was of a nature *reasonably calculated* to provide actual notice and an opportunity to defend. *Royal Business Funds*, 32 N.C. App. at 369, 232 S.E. 2d at 219 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 94 L.Ed. 865, 873 (1950)).

Because Key Way had no registered agent in this State to receive service of process on its behalf, Anderson Trucking had the option of (1) serving the North Carolina Secretary of State, *see* N.C. Gen. Stat. Secs. 55-143, 55-144 (1982) (service of process upon Secretary of State effective against foreign corporation doing business in this State which fails to maintain registered agent here); (2) serving an officer, director, or managing agent of Key Way, *see* N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 4(j)(6) (1983); or (3) serving Key Way's out-of-state registered agent appointed to receive service of process. *See id.*

In our view, by serving Key Way's agent *named to receive service of process*, Anderson Trucking chose the method of service most likely to actually notify Key Way of the claims against it. Thus, we hold that the service by certified mail upon Key Way's registered agent certainly was "reasonably calculated to give actual notice" of Anderson Trucking's claim, and, therefore, that Key Way's due process rights were not violated. *Accord Chadbourn, Inc. v. Katz*, 285 N.C. 700, 707, 208 S.E. 2d 676, 680 (1974).

B.  Service upon Registered Agent Effective Against Corporation

We further hold that service upon Mr. Siegel was effective service upon Key Way. First, it makes no difference, as Key Way suggests, that the Summons and Complaint addressed to Mr. Siegel were initially received by Mr. Gunn. Mr. Gunn was authorized by Mr. Siegel to receive mail on his behalf. *See* N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 4(j)(1), 4(j)(6) (1983) (permitting service upon addressee's appointed agent). *See also* N.C. Gen. Stat. Sec. 1A-1,

R. Civ. P. 4(j2)(2) (1983) (presumption that person receiving ·Summons by certified mail was agent of addressee authorized to accept service of process). Furthermore, Rule 4(j)(6) permits a corporation to be served through its agent "in a manner specified by any statute"; Mr. Siegel was properly served by mail pursuant to Rule 4(j)(1)(c). *Accord Great Dane Trailers, Inc. v. N. Brook Poultry, Inc.*, 35 N.C. App. 752, 755, 242 S.E. 2d 533, 535 (1978) (given interplay of Rules 4(j)(6) and 4(j)(1), leaving copies of Summons and Complaint with registered agent's spouse constituted effective service upon corporation).

Second, under the present rules, service of process upon a corporation's registered agent binds that corporation *when the agent is served,* not when, as Key Way urges, the service actually comes to the attention of an officer or agent charged with defending actions against the corporation. *See* N.C. Gen. Stat. Sec. 55-15(a) (1982) (service upon registered agent binds corporation), N.C. Gen. Stat. Sec. 55-2 (1982) (ch. 55 provisions regarding "corporations" also apply to foreign corporations); N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 4(j2)(2) (1983) (service by certified mail complete when Summons and Complaint are delivered to address). *See, e.g., Royal Business Funds*, 32 N.C. App. at 366, 232 S.E. 2d at 218 (service upon statutory agent effective against corporate defendant despite corporation's non-receipt of forwarded notice). Although it was not required to, Key Way had the option of naming a registered agent responsible for defending the corporation. Instead, it listed a person with no interest in the corporation's business or legal affairs. That improvident choice cannot now insulate Key Way from the effect of valid service .of process. *Accord S.C. Ins. Co.,* 88 N.C. App. at 648, 364 S.E. 2d at 681 (corporation's failure to properly list registered agent for service of process did not excuse failure to receive notice of suit against it).

We conclude that no deprivation of due process occurred here.

## IV

The trial judge's order denying Key Way Transport's motion to set aside the default judgment is

Affirmed.

Judges PARKER and ORR concur.