GINNY SIDES v. ROBERT REID

No. 7718DC227

(Filed 7 February 1978)

**Rules of Civil Procedure § 60— default judgment set aside—error—no compelling reason justifying relief**

In an action to recover a certain sum for bookkeeping and other financial services rendered by plaintiff to defendant, the trial court erred in concluding, as a matter of law, that defendant was entitled to have a default judgment against him set aside, since defendant presented no evidence of any unusual or extraordinary circumstances which might explain his failure to file answer, nor was there any finding of the same by the trial court; the court found only that defendant had mailed a handwritten note to the court denying liability and claiming that plaintiff's own affidavit established this lack of liability and thus constituted a meritorious defense, but defendant was able to offer no proof of, and the court's records were devoid of evidence of, the existence of the handwritten note; and defendant took no action, other than the handwritten note for which he could not account, until thirteen months after he was personally served with process.

APPEAL by plaintiff from *Fowler, Judge.* Order entered 16 November 1976 in District Court, GUILFORD County. Heard in the Court of Appeals 18 January 1978.

Plaintiff instituted this action on 3 September 1975 to recover from defendant $2,437.25 for bookkeeping and other financial services rendered pursuant to contract allegedly entered into between plaintiff and defendant.

Defendant failed to file answer.

On 24 June 1976, plaintiff moved for entry of default against defendant. In support of her motion, plaintiff filed affidavit stating that defendant had been personally served with a copy of the summons and complaint, and some eight months after such service, had failed to file responsive pleading or motion. In addition, the affidavit stated that the services rendered by plaintiff

were for defendant on behalf of Hot Rod Barn of Asheboro, Inc., M & K Enterprises, Inc. and Scott, Inc. as evidenced by statements of account attached to the affidavit. The Clerk of Superior Court entered default against defendant on 24 June 1976.

On the same date, plaintiff filed a motion for default judgment supported by the same facts as detailed above. The Clerk of Superior Court granted the motion and entered judgment by default against defendant. Execution was issued against defendant's property on 9 October 1976 and again on 12 October 1976 after supplemental proceeding was had to discover the extent and location of defendant's property.

On 12 October 1976, defendant moved to set aside the default judgment on the grounds that (1) plaintiff had established no claim against defendant individually as plaintiff's own affidavit showed that plaintiff contracted with and rendered services to various corporations with whom defendant was employed; and (2) defendant had set out this defense in a written document which he mailed to the court before expiration of his time for filing answer. In addition, defendant moved for a stay of the execution proceedings.

The trial court allowed the motion to stay the execution proceedings and a hearing was held on defendant's motion to set aside the default judgment against him. At the hearing defendant testified that he owned a substantial amount of stock in the three corporations involved and managed all of their business activities; that plaintiff rendered bookkeeping services for these corporations; that summons and complaint were personally served on him and he read and understood what they were about; and that he mailed a handwritten note to the court which he thought would be sufficient answer, but does not remember when or to what court he mailed it.

Finding facts substantially as detailed in defendant's testimony and motion to set aside the judgment, the trial court entered an order on 16 November 1976 setting aside the default judgment against defendant. Plaintiff appealed to this Court.

*Morgan, Byerly, Post, Herring & Keziah, by Charles L. Cromer, for the plaintiff.*

No counsel *contra.*

Sides v. Reid

MARTIN, Judge.

The only question posed by this appeal is whether there was sufficient evidence from which the trial court could find that defendant was entitled as a matter of law to have the default judgment set aside.

Motions to set aside a final judgment are governed by Rule 60(b) of the Rules of Civil Procedure. This rule provides, in pertinent part, that:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

> "(1) Mistake, inadvertence, surprise, or excusable neglect;

> *     *     *

> "(6) Any other reason justifying relief from the operation of the judgment."

If a movant is uncertain whether to proceed under clause (1) or (6) of Rule 60(b), he need not specify if his motion is timely and the reason justifies relief. *Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E. 2d 446 (1971). Under either clause the movant must show that he has a meritorious defense. *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E. 2d 890 (1971).

In the instant case, defendant alleged in his motion and the trial court found as fact a *meritorious defense*. This finding of fact is supported by competent evidence and thus, binding on appeal. *Moore v. Deal*, 239 N.C. 224, 79 S.E. 2d 507 (1954). However, defendant did not assert *excusable neglect* as grounds for relief nor did the trial court find the same as fact in its order setting aside the judgment. Therefore, we must presume that the trial court based its authority to set aside the judgment upon clause (6) of Rule 60(b).

Allowing a trial court to set aside a final judgment for "any other reason" justifying such relief, Rule 60(b)(6) has been described as "a grand reservoir of equitable power to do justice in a particular case." 7 Moore's Federal Practice § 60.27(2) (2d ed. 1970). Our Supreme Court has stated that the "broad language of clause (6) 'gives the court ample power to vacate judgments

whenever such action is appropriate to accomplish justice.' " *Brady v. Town of Chapel Hill, supra.* In light of these principles, we must determine whether, based upon the evidence presented, a compelling reason has been shown which warrants the exercise of such broad equitable power. *See Standard Equipment Co., Inc. v. Albertson,* 35 N.C. App. 144, 240 S.E. 2d 499 (filed 24 January 1978). We find no such reason in the evidence presented by defendant in support of his motion.

Defendant presented no evidence of any unusual or extraordinary circumstances which might explain his failure to file answer; nor was there any finding of the same by the trial court. The trial court found only that defendant had mailed a handwritten note to the court denying liability and that plaintiff's own affidavit established this lack of liability and thus, constituted a meritorious defense. We note that defendant was able to offer no proof of, and the court's records were devoid of evidence of, the existence of the handwritten note. Moreover, this is not a case where the movant employed and relied upon an attorney who failed to take action. In the instant case, although defendant owned and managed three corporations and admitted reading and generally understanding the summons and complaint, he made no effort to consult an attorney until after the supplemental proceeding. In fact, defendant took no action—other than the handwritten note for which he cannot account—until this time, some thirteen months after he was personally served with process.

In view of defendant's failure to use proper diligence in the case at bar, we cannot say that equity should act to relieve him from the judgment by default. *See Brady v. Town of Chapel Hill, supra.* Notwithstanding the broad equitable power of a trial court to vacate judgments pursuant to Rule 60(b)(6), it should not grant such relief absent a showing based on competent evidence that justice requires it. *Norton v. Sawyer,* 30 N.C. App. 420, 227 S.E. 2d 148, *cert. denied,* 291 N.C. 176 (1976). This showing simply does not appear from the evidence presented in the instant case.

Accordingly, the trial court erred in concluding, as a matter of law, that defendant was entitled to have the default judgment set aside. The order vacating said judgment is reversed.

Reversed.

Judges PARKER and ARNOLD concur.