GURTHA HUGGINS v. HALLMARK ENTERPRISES, INC.

GURTHA HUGGINS v. BAILEY'S TUNNEL ROAD CAFETERIA, INC.

Nos. 8628SC40 and 8628SC41

(Filed 20 January 1987)

1. **Process § 3.2— summons not served in time—absence of jurisdiction**

   A summons not served within thirty days and not revived under Rule 4(d) by endorsement or issuance of an alias or pluries summons could not subject defendant to the jurisdiction of the court.

2. **Process § 12— domestic corporation—substituted service on Secretary of State —failure to mail to registered office**

   The court did not obtain jurisdiction over a domestic corporation by substituted service of an alias summons on the Secretary of State under N.C.G.S. § 55-15(b) where the Secretary of State failed to mail the summons and complaint to the corporation's registered office but mailed them to another address, notwithstanding the registered agent had moved to another state and the corporation actually maintained no registered office in this state.

3. **Rules of Civil Procedure § 60.1— relief from judgment—belated motion**

   Defendants were entitled to no relief from default judgments under Rule 60(b)(1) on grounds of mistake, inadvertence and excusable neglect where the motions for relief were filed more than a year after the judgments were entered, notwithstanding plaintiff may have deliberately waited more than a year to attempt to collect the judgments to forestall a Rule 60(b)(1) motion.

4. **Rules of Civil Procedure § 60.2— relief from default judgments—void judgment against one defendant—jurisdiction over second defendant**

   One corporate defendant was entitled to relief from a default judgment under Rule 60(b)(4) on the ground that the judgment was void where service of process over such defendant was defective. However, the second corporate defendant was not entitled to relief from a default judgment under Rule 60(b)(4) where the trial court had jurisdiction over the parties and the subject matter and had the authority to render the judgment.

5. **Rules of Civil Procedure § 60.2— refusal to set aside default judgments—no abuse of discretion**

   The trial court did not abuse its discretion in refusing to set aside default judgments against two corporations under Rule 60(b)(6) for "any other reason justifying relief from the operation of the judgment[s]," notwithstanding the strategy employed by plaintiff to serve process on defendants was calculated to ambush them, where defendant failed for twelve years to maintain a registered agent to receive service of process in this state as required by statute.

   Judge PHILLIPS concurring in part and dissenting in part.

APPEAL by defendants from *Lamm, Judge*. Orders entered 13 November 1985 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 9 May 1986.

*Reynolds and Stewart by G. Crawford Rippy, III, for plaintiff-appellee.*

*Morris, Golding, Phillips and Cloninger by James N. Golding for defendant-appellants.*

PARKER, Judge.

These actions arise out of a fall allegedly sustained by plaintiff on or about 15 April 1981 at the Hallmark Cafeteria in Innsbrook Mall in Asheville, North Carolina.

The record discloses that in 1972 Hallmark Enterprises, Inc. (herein Hallmark) purchased 80% of the stock of Bailey's Tunnel Road Cafeteria, Inc. (herein Bailey's), which corporation operated a cafeteria in Innsbrook Mall in Asheville, North Carolina, under the name Hallmark Cafeteria. At the time of the purchase, the name and address of the registered agent for both corporations was changed in the Secretary of State's Office to E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina. E. O. Hall moved from Charlotte to Spartanburg, South Carolina, sometime in late 1972 or early 1973. Thereafter neither defendant ever maintained a registered agent in North Carolina.

The question before the Court for review in this consolidated appeal is whether the trial court erred in denying motions by defendants Hallmark and Bailey's to set aside default judgments entered against them.

For the reasons which follow, we vacate the judgment entered against defendant Hallmark and affirm the judgment entered against defendant Bailey's.

## I. Huggins v. Hallmark Enterprises, Inc.

On 17 September 1982, plaintiff filed a complaint against defendant Hallmark alleging that she fell upon the premises of Hallmark's cafeteria at the Innsbrook Mall in Asheville, North Carolina, on 15 April 1981. Plaintiff alleged that her fall and resulting injuries were caused by a loose floor tile.

The original summons, also issued on 17 September 1982, was directed to E. O. Hall, Agent for Service of Process, 4808 Montclair Avenue, Charlotte, North Carolina. The summons and complaint were sent to the Sheriff of Mecklenburg County on 22 September 1982 for service on defendant. The Sheriff returned the summons and complaint on 17 October 1982, stating that Hallmark was not served because he "did not locate E. O. Hall."

Thereafter, plaintiff sent the summons and complaint to the North Carolina Secretary of State, who accepted the substituted service of process and mailed a copy of the summons and complaint to Hallmark Enterprises, Inc., c/o E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina, on 3 November 1982. The summons and complaint were returned by the U.S. Postal Service to the Secretary of State marked "not deliverable as addressed, unable to forward, return to sender."

On 4 January 1983, plaintiff obtained an alias and pluries summons from the Clerk of Court for Buncombe County. This summons was directed to Hallmark Enterprises, Inc., E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina. On 20 January 1983, plaintiff served the summons and complaint on the Secretary of State. On 25 January 1983, the Secretary's office mailed a copy of the summons and complaint to Hallmark Enterprises, Inc., c/o Clyde R. Hall, 410 Wallace Building, Salisbury, North Carolina.

On plaintiff's motion, the Clerk of Court for Buncombe County entered default on 15 March 1983. Plaintiff moved for default judgment demanding damages in the sum of $112,683.00, and the Clerk entered Judgment by Default on 28 March 1983 in the sum of $112,683.00.

Subsequent to the entry of this default judgment, it was determined that the Clerk's entry of this default judgment was improper, and that the matter would have to be tried before a jury. An issue as to damages for personal injuries was submitted to a jury on 17 November 1983, and a judgment was entered against defendant on 28 November 1983 in the sum of $61,250.00.

No further action was taken by plaintiff until plaintiff's counsel contacted defendant by phone on 11 July 1985. Thereafter on 8 October 1985, a Notice of Right to Have Exemptions Designated was sent by plaintiff to defendant, c/o E. O. Hall, Regis-

tered Agent, 125 Hall Street, Spartanburg, South Carolina, 29302. Defendant filed a motion and affidavit for relief from judgment and motion to dismiss on 16 October 1985, which motion was heard and denied by Judge Lamm on 13 November 1985. Defendant appealed.

### A. The 17 September 1982 Summons

**[1]** In its first assignment of error, defendant Hallmark contends the trial court erred in finding that service of this summons upon the Secretary of State's office on 3 November 1982 was valid even though no alias or pluries summons had been issued at this time, nor had it been extended by the Clerk's office. We agree.

This Court, in *County of Wayne ex rel. Williams v. Whitley*, 72 N.C. App. 155, 157-58, 323 S.E. 2d 458, 461 (1984), stated:

> The summons must be served within thirty days after the date of the issuance of the summons. G.S. 1A-1, Rule 4(c). However, the failure to make service within the time allowed does not invalidate the summons. The action may continue to exist as to the unserved defendant by two methods. First, within ninety days after the issuance of the summons or the date of the last prior endorsement, the plaintiff may secure an endorsement upon the original summons for an extension of time within which to complete service of process. Secondly, the plaintiff may sue out an alias or pluries summons at any time within ninety days after the date of issue of the last preceding summons in the chain of summonses or within ninety days of the last prior endorsement. G.S. 1A-1, Rule 4(d)(1) and (2). Thus, a summons that is not served within the thirty-day period becomes dormant and cannot effect service over the defendant, but may be revived by either of these two methods. If the ninety-day period expires without the summons being served within the first thirty days or revived within the remaining sixty days, the action is discontinued. If a new summons is issued, it begins a new action. G.S. 1A-1, Rule 4(e).

The record shows that the plaintiff had a summons issued on 17 September 1982, the same day the complaint was filed. Thus, the action did in fact commence. G.S. 1A-1, Rule 3. When the summons was returned unserved by the Mecklenburg County Sher-

iff's Department on 17 October 1982 (within thirty days of its issuance), it became dormant or unservable, but nevertheless was not invalidated according to G.S. 1A-1, Rule 4(c) and was subject to being revived under the two methods under Rule 4(d). However, plaintiff served the original summons upon the Secretary of State's office on 3 November 1982 without having revived it under Rule 4(d). We hold, therefore, that this dormant summons could not and did not subject defendant to the jurisdiction of the court.

B. The 4 January 1983 Alias and Pluries Summons

Defendant Hallmark next argues that the trial judge erred in ruling that Hallmark was properly served with process on 20 January 1983. The original summons was issued in this matter on 17 September 1982. On 4 January 1983, an alias and pluries summons was issued which stated that the last summons was issued on 17 September 1982. This alias summons was served on the Secretary of State on 20 January 1983. Since the alias summons was issued more than ninety days after the date the original summons was issued, it did not comply with G.S. 1A-1, Rule 4(d)(2). Thus, the original summons herein could not serve as a basis for the issuance of an alias or pluries summons necessary to maintain an unbroken continuation of the action.

[2] However, we must also consider G.S. 1A-1, Rule 4(e) which provides:

When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue, or an extension [may] be endorsed by the clerk, but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.

Under Rule 4(e), this alias summons was properly issued, but this action is deemed to have commenced against this defendant Hallmark on 4 January 1983.

Although this summons was clearly directed to Hallmark Enterprises, Inc., E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina, "[f]or a reason unknown to the Plaintiff-Appellee

the Secretary of State served the alias and pluries summons and the complaint upon the following: Hallmark Enterprises, Inc., c/o Clyde R. Hall, 410 Wallace Building, Salisbury, North Carolina."

In her brief, plaintiff offers the following reasons for the Secretary's actions:

[T]he Secretary of State's Office knew that it would be fruitless to serve the corporation at the Charlotte address because it had previously attempted to do so with negative results and therefore the Secretary of State decided in good faith to try to serve the corporation in Salisbury with the hope that it would be the correct corporation; or in the alternative someone in the Secretary of State's office simply made an error.

We do not find this argument persuasive.

As stated in *Coble v. Brown*, 1 N.C. App. 1, 5-6, 159 S.E. 2d 259, 263 (1968), "[s]ubstituted or constructive service of process is a radical departure from the rule of common law, and therefore statutes authorizing it must be strictly construed . . . in determining whether effective service under the statute has been made."

With this principle in mind, we must examine G.S. 55-15, which provides:

(b) Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with due diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice or demand. In the event any such process, notice or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered or certified mail, addressed to the corporation at its registered office. Any such corporation so served shall be in court for all purposes from and after the date of such service on the Secretary of State.

Under this statute, to obtain proper service upon a domestic corporation, (i) service must first be made upon the Secretary of State and (ii) the Secretary of State must forward a copy of the summons and complaint to the corporation at its registered office.

The fact is undisputed that on 4 January 1983, the registered office of this defendant corporation as recorded in the Office of the Secretary of State was 4808 Montclair Avenue, Charlotte, Mecklenburg County, North Carolina, 28211. Also undisputed is the fact that the Secretary of State's office, contrary to the mandate in G.S. 55-15(b), failed to mail a copy of this process to this address.

Hallmark concedes in its brief "that had the Secretary of State forwarded the summons and complaint to its then recorded address, such would not have been received." This observation, however correct, does not avail plaintiff. In *Business Funds Corp. v. Development Corp.*, 32 N.C. App. 362, 232 S.E. 2d 215 (1977), this Court discussed the differences between G.S. 55-15 (service upon a domestic corporation) and G.S. 55-146 (service upon a foreign corporation). The latter statute provides that "[s]ervice of process on the foreign corporation shall be deemed complete when the Secretary of State is so served." No such language appears in G.S. 55-15. In fact, G.S. 55-15 provides that any corporation "so served," meaning when copies of the process are mailed to the registered office, shall be in court from and after the date of such service on the Secretary of State. The Court in *Business Funds* further concluded that G.S. 55-15(b) "directs the Secretary of State to forward the process by registered mail, [but] does not require that the defendant corporation receive actual notice." 32 N.C. App. at 368, 215 S.E. 2d at 218. The alias summons herein was not mailed to this defendant's registered office, but was mailed to a different agent and a different office entirely.

Accordingly, plaintiff did not obtain proper service upon defendant under either summons. Since proper service is a prerequisite to personal jurisdiction over defendant, the judgment as to defendant Hallmark is void. *Guerin v. Guerin*, 208 N.C. 457, 181 S.E. 274 (1935).

Further assignments of error relative to the Hallmark case are identical to those discussed below.

II. Huggins v. Bailey's Tunnel Road Cafeteria, Inc.

Plaintiff's action against defendant Bailey's was instituted on 3 February 1984. The allegations were almost identical to those in the complaint against Hallmark, except that plaintiff alleged that her 15 April 1981 fall occurred on the premises of defendant Bailey's cafeteria.

The original summons was issued on 3 February 1984, and was directed to the "Honorable Thad Eure, Secretary of State of North Carolina, Raleigh, North Carolina, 27611, Civil Process Agent for: Bailey's Tunnel Road Cafeteria, Inc., c/o E. O. Hall, Registered Agent, 4808 Montclaire Avenue, Charlotte, North Carolina." This summons was served by the Sheriff of Wake County upon the Secretary of State's office on 9 February 1984. The Secretary's office did forward, by certified mail, a copy of the summons and complaint to Bailey's Tunnel Road Cafeteria, Inc., c/o E. O. Hall, 4808 Montclair Avenue, Charlotte, North Carolina. The summons and complaint were returned by the U.S. Postal Service to the Secretary of State marked "return to sender, not deliverable as addressed, unable to forward."

Plaintiff moved for entry of default on 19 May 1984, and entry of default was entered that day by the Clerk. Judge C. Walter Allen heard the default and inquiry without a jury and entered a default judgment against defendant in the amount of $121,126.00 on 27 June 1984.

No further action was taken by plaintiff until plaintiff's counsel telephoned Mr. Hall on 11 July 1985. A Notice of Right to Have Exemptions Designated was sent by plaintiff to Bailey's Tunnel Road Cafeteria, Inc., c/o E. O. Hall, Registered Agent, 125 Hall Street, Spartanburg, South Carolina, 29302, on 8 October 1985. Defendant thereafter filed a motion and affidavit for relief from judgment and motion to dismiss on 16 October 1985, which was heard and denied by Judge Lamm on 13 November 1985. Defendant appealed.

### III. Common Assignments of Error

### A. Rule 60(b)(1)

Although two separate judgments were entered in these cases, the judgments are virtually identical.

In their fourth assignment of error, both defendants contend the court erred in making the following conclusion of law:

> 6. That the Defendant filed an action to set aside judgment under 1A-1, Rule 60, under Section (B) on the grounds under Mistake, Inadvertence and Excusable Neglect, and said Motion was not made within one year as required by said Rule 60, and that the Defendant has not shown any grounds to set aside on the basis of Mistake, Inadvertence and Excusable Neglect.

Both defendants moved for relief from the judgments entered in each case pursuant to G.S. 1A-1, Rule 60(b)(1), (4) and (6):

> (b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.— On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> . . .
>
> (4) The judgment is void;
>
> . . .
>
> (6) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

[3] Plaintiff obtained a default judgment against defendant Hallmark on 28 March 1983. Plaintiff obtained a default judgment against defendant Bailey's on 27 June 1984. Both defendants moved for relief from the judgments on 16 October 1985, a period in excess of one year after the judgments were entered. Thus, plaintiff contends defendants' motions were untimely and defendants are entitled to no relief under G.S. 1A-1, Rule 60(b)(1). We are constrained to agree.

The trial court specifically found "[t]hat plaintiff waited over one year from the date of final judgment before attempting to col-

lect or recover from defendants." Plaintiff obtained default judgments against each corporate defendant, and, in anticipation of a Rule 60(b)(1) motion, deliberately waited over one year to collect under the judgments so that defendants' time had expired for seeking relief from the judgments before putting defendants on notice that default judgments had been entered against them.

The requirement that the motion to set aside the judgment made pursuant to Rule 60(b)(1) be made within one year is mandatory. Accordingly, we hold that the denial of the motion on the grounds delineated in subsection (b)(1) was proper as a matter of law.

Our resolution of this assignment of error makes discussion of defendants' third assignment of error unnecessary since the assignment challenged findings of fact that pertain to Rule 60(b)(1).

### B. Rule 60(b)(4)

[4] Defendants moved for relief from the judgments under Rule 60(b)(4) on the basis that the judgments were "void." We have already concluded that service of process over defendant Hallmark was not proper and that judgment was void. The trial court erred in failing to grant this motion as to Hallmark.

A judgment is not void if the court has jurisdiction over the parties and the subject matter and had the authority to render the judgment entered. *Windham Dist. Co. v. Davis*, 72 N.C. App. 179, 323 S.E. 2d 506 (1984). Because none of these essential elements were missing, we are unable to say that the judgment against Bailey's was void as a matter of law.

### C. Rule 60(b)(6)

[5] Under Rule 60(b)(6), the court may relieve a party from a final judgment for "[a]ny other reason justifying relief from the operation of the judgment," and that motion needs only to be made "within a reasonable time." Both defendants assert that E. O. Hall became aware of the default judgments on 11 July 1985, and they moved for relief from these judgments on 16 October 1985.

The setting aside of a judgment pursuant to G.S. 1A-1, Rule 60(b)(6) should only take place where (i) extraordinary circum-

stances exist and (ii) there is a showing that justice demands it. This test is two-pronged, and relief should be forthcoming only where both requisites exist. *Baylor v. Brown*, 46 N.C. App. 664, 266 S.E. 2d 9 (1980). In addition to these requirements, the movant must also show that he has a meritorious defense. *Sides v. Reid*, 35 N.C. App. 235, 241 S.E. 2d 110 (1978).

General Statute 1A-1, Rule 60(b)(6) "is equitable in nature and authorizes the trial judge to exercise his discretion in granting or withholding the relief sought." *Kennedy v. Starr*, 62 N.C. App. 182, 186, 302 S.E. 2d 497, 499-500, *disc. rev. denied*, 309 N.C. 321, 307 S.E. 2d 164 (1983). Our Supreme Court has indicated that this Court cannot substitute "what it consider[s] to be its own better judgment" for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it "probably amounted to a substantial miscarriage of justice." *Worthington v. Bynum*, 305 N.C. 478, 486-87, 290 S.E. 2d 599, 604-05 (1982). Further, "[a] judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason." *Clark v. Clark*, 301 N.C. 123, 129, 271 S.E. 2d 58, 63 (1980).

With these principles in mind, we are unable to say that the court's discretionary refusal to set aside the judgment "probably amounted to a substantial miscarriage of justice" or was "manifestly unsupported by reason." The strategy employed by plaintiff to serve process on defendants was calculated to ambush them. Bailey's was doing business on a daily basis in Buncombe County, and plaintiff could easily have served Bailey's with process at its place of business in Innsbrook Mall. On the other hand, by failing for twelve years to comply with the provisions of G.S. 55-13 and G.S. 66-68, defendants allowed themselves to be taken. These provisions are designed to inform potential litigants of necessary information. Had defendants complied with these statutes, they could have received proper notice of these lawsuits and protected their interests, thereby avoiding default judgment. Applying the strict standard of review to these facts, we hold that the trial judge did not abuse his discretion.

### D. Recovery Against Both Defendants

In their final assignment of error, defendants argue that the trial court erred in permitting recovery against both defendants.

On 28 November 1983, judgment was entered against defendant Hallmark in the sum of $61,250.00. On 27 June 1984, judgment was entered against defendant Bailey's in the sum of $121,126.00. These judgments arose out of injuries sustained by plaintiff when she fell on 15 April 1981.

Because we have concluded that the judgment against defendant Hallmark is void, we need not discuss whether the entry of judgments against both defendants was erroneous.

In summary, the default judgment entered against defendant Hallmark on 28 November 1983 is vacated. The default judgment entered against defendant Bailey's is affirmed.

Judge MARTIN concurs.

Judge PHILLIPS concurs in part and dissents in part.

Judge PHILLIPS concurring in part and dissenting in part.

I concur in affirming the default judgment entered against the defendant Bailey's Tunnel Road Cafeteria, Inc., but dissent from vacating the default judgment entered against the defendant Hallmark Enterprises, Inc., as I am of the opinion that Hallmark was served with process in this case when its statutory process agent, the Secretary of State, was duly served. G.S. 55-15(b) provides:

> then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any such process . . . shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process . . . . In the event any such process . . . is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered or certified mail, addressed to the corporation at its registered office. Any such corporation so served shall be in court for all purposes from and after the date of such service on the Secretary of State. (Emphasis added.)

Though the explicit statement that service "shall be deemed complete when the Secretary of State is so served" is not contained

therein, as it is in G.S. 55-146(a) with respect to serving foreign corporations, that is what G.S. 55-15(b) plainly provides, it seems to me. The only purpose of a corporation having a process agent is so that service on the principal can be accomplished by serving the agent instead of the principal. Under G.S. 55-15(a) service upon a corporation's *registered agent* is service upon the corporation; and the foregoing provisions of G.S. 55-15(b) are plainly designed to achieve the same result when a corporation's *statutory process agent* is served in the same manner, namely by delivering to the agent "duplicate copies of such process." In this instance Hallmark's statutory process agent was so served. In my opinion the mailing by the Secretary of State, instead of being a part of the service of process, is but an administrative act by the duly served agent calculated to notify the principal that service has been accomplished; and the Secretary of State's failure to again send the mailing to the dead address of Hallmark's former agent was immaterial, since he had learned from the first mailing that Hallmark would not receive notice by it.