ADVANCED WALL SYSTEMS, INC. v. HIGHLANDE BUILDERS, LLC

No. COA04-1

(Filed 21 December 2004)

**1. Appeal and Error— writ of certiorari—timeliness of notice of appeal**

Plaintiff's motion to dismiss defendant's appeal is denied and defendant's petition for writ of certiorari under N.C. R. App. P. 21 is granted even though notice of appeal was filed with the trial court outside the thirty-day time period within which an appeal from a judgment in a civil action must be taken under N.C. R. App. P. 3, because notice was timely filed with the Court of Appeals.

**2. Process and Service— substitute service—limited liability company—personal jurisdiction**

The trial court did not err in an action to recover money owed on an account by refusing to set aside a default judgment in favor of plaintiff even though defendant limited liability company contends the judgment was void for lack of personal jurisdiction based on improper service, because: (1) defendant failed to properly maintain a registered agent in the State of North Carolina as required by N.C.G.S. § 55-30(a)(2) since its registered agent left the State and defendant failed to appoint a new agent; (2) alternate service on the Secretary of State was proper under N.C.G.S. § 57C-2-43; and (3) where the Secretary of State mailed the summons is immaterial since service was effective when plaintiff served the Secretary of State.

**3. Judgments— default judgment—motion to set aside**

The trial court did not abuse its discretion in an action to recover money owed on an account by failing to grant defendant limited liability company relief under N.C.G.S. § 1A-1, Rule 60(b) from entry of default judgment and by finding that defendant's neglect was inexcusable, because: (1) the registered agent refused service and changed addresses; and (2) the trial court's decision was not manifestly unsupported by reason when defendant failed to properly maintain a registered agent in the State of North Carolina.

ADVANCED WALL SYS., INC. v. HIGHLANDE BUILDERS, LLC

[167 N.C. App. 630 (2004)]

Appeal by Defendant from judgment entered 1 October 2003 by Judge Penn Dameron in Superior Court, Watauga County. Heard in the Court of Appeals 12 October 2004.

*Turner & Yates, P.A., by David W. Yates for plaintiff-appellee.*

*McElwee Firm, PLLC, by R. Tyson Ferrell for defendant-appellant.*

WYNN, Judge.

Defendant Highlande Builders, LLC, appeals from a default judgment entered 1 October 2003. Defendant contends that the trial court: (1) erred in denying its motion to set aside the default judgment because the judgment was void for lack of personal jurisdiction; and (2) abused its discretion in failing to grant Defendant relief under Rule 60(b) of the North Carolina Rules of Civil Procedure. For the reasons stated herein, we affirm.

Plaintiff filed a complaint on 16 January 2002 to recover $15,140.82 owed on an account. Defendant's registered agent in North Carolina was D. Michael Little. In December 2001, Mr. Little went to Florida on an extended vacation. On 17 January 2002 Plaintiff filed service with the North Carolina Secretary of State. The Secretary of State attempted to send notice to the registered agent at the principal place of business address of record, but notice was returned "unclaimed." On 11 February 2002, Plaintiff sent service to Defendant at its registered address by certified mail; this came back "unclaimed." On 11 February 2002, Plaintiff sent a letter to Ashe County Sheriff's Department for service upon Defendant at both the mailing address and the physical address, however, the Sheriff was unable to locate the registered agent or other company official. Upon discovering the registered agent had gone to Florida for the winter, on 28 February 2002 Plaintiff sent a letter to the Sheriff's Department in Naples, Florida for service, however, the sheriff was unable to locate anyone at the forwarded address.

Default judgment was entered 4 March 2002. Following Defendant's motion to set aside the default judgment, the trial court entered final judgment on 1 October 2003, denying the motion to set aside the default judgment. Defendant appealed.

[1] We first note that notice of appeal was not filed with the trial court until 5 November 2003, outside the thirty-day time period within

ADVANCED WALL SYS., INC. v. HIGHLANDE BUILDERS, LLC

[167 N.C. App. 630 (2004)]

which an appeal from a judgment order in a civil action must be taken pursuant to Rule 3 of the North Carolina Rules of Appellate Procedure, although notice was timely filed with this Court. However, we deny Plaintiff's motion to dismiss and grant Defendant's Petition for Writ of Certiorari pursuant to Rule 21 of the Rules of Appellate Procedure.

**[2]** On appeal, Defendant contends that the trial court erred in denying its motion to set aside the default judgment because the judgment was void for lack of personal jurisdiction due to improper service. We disagree.

Section 57C-2-43 of the North Carolina General Statutes provides rules for substituted service of process on limited liability companies.

> Whenever a limited liability company shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with due diligence be found at the registered office, then the Secretary of State shall be an agent of the limited liability company upon whom any process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with the Secretary of State or with any clerk authorized by the Secretary of State to accept service of process, duplicate copies of the process, notice, or demand and the fee required by G.S. 57C-1-22(b). In the event any such process, notice, or demand is served on the Secretary of State in the manner provided for in this section, the Secretary of State shall immediately mail one of the copies thereof, by registered or certified mail, return receipt requested, to the limited liability company at its principal office or, if there is no mailing address for the principal office on file, to the limited liability company at its registered office. Service on a limited liability company under this subsection *shall be effective for all purposes from and after the date of the service on the Secretary of State.*

N.C. Gen. Stat. § 57C-2-43(b) (2003) (emphasis added). It is the duty of limited liability companies to maintain a registered agent in the State of North Carolina. N.C. Gen. Stat. § 55D-30(a)(2) (2003). Since Defendant's registered agent left the State and Defendant failed to appoint a new agent, alternative service on the Secretary of State was proper. N.C. Gen. Stat. § 57C-2-43.

ADVANCED WALL SYS., INC. v. HIGHLANDE BUILDERS, LLC

[167 N.C. App. 630 (2004)]

Defendant contends that service was improper because the Secretary of State mailed the summons to the principal address instead of the registered office mailing address. Where the Secretary of State mailed the summons is immaterial because service was effective when Plaintiff served the Secretary of State. N.C. Gen. Stat. § 57C-2-43; *see Royal Bus. Funds Corp. v. S. E. Dev. Corp.*, 32 N.C. App. 362, 366, 232 S.E.2d 215, 217 (1977) (where statute had similar language service on foreign corporation complete when Secretary of State served). "[T]here is nothing in [the statute's] language to indicate that the registered mail *must* be either accepted or rejected in order for service to be complete. Such an interpretation would be contrary to the clear legislative intent . . . that service is complete when the Secretary of State is served." *Id.*, 232 S.E.2d at 218.

As Defendant's registered agent had left the state, service was effective when served upon the Secretary of State. Therefore, the trial court had personal jurisdiction and entry of default judgment was proper.

**[3]** On appeal, Defendant also contends that the trial court abused its discretion in failing to grant Defendant relief under Rule 60(b) of the North Carolina Rules of Civil Procedure and finding that Defendant's neglect was inexcusable. We disagree.

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) [m]istake, inadvertence, surprise, or excusable neglect; . . . or; (6) [a]ny other reason justifying relief from the operation of the judgment." N.C. Gen. Stat. § 1A-1, Rule 60(b) (2003). The decision whether to set aside a default judgment under Rule 60(b) is left to the sound discretion of the trial judge, and will not be overturned on appeal absent a clear showing of abuse of discretion. *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 425, 349 S.E.2d 552, 554 (1986).

Whether neglect is "excusable" or "inexcusable" is a question of law which "depends upon what, under all the surrounding circumstances, may be reasonably expected of a party" to litigation. *Id.*, 349 S.E.2d at 555. The trial judge's conclusion in this regard will not be disturbed on appeal if competent evidence supports the judge's findings, and those findings support the conclusion. *In re Hall*, 89 N.C. App. 685, 687, 366 S.E.2d 882, 884, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 277 (1988). Once excusable neglect has been shown as a

matter of law, "whether the judge shall then set aside the judgment or not rests 'in his discretion . . . .'" *Morris v. Liverpool, London & Globe Ins. Co.*, 131 N.C. 212, 213, 42 S.E. 577, 578 (1902); *accord McInnis*, 318 N.C. at 425, 349 S.E.2d at 554.

In the case before us, the trial court found that the registered agent refused service and changed addresses, also that service upon the Secretary of State was proper. The trial court concluded that the Defendant's neglect was inexcusable. We hold that the evidence and findings support that conclusion.

A default judgment may be set aside under Rule 60(b)(6) only upon a showing that: (1) extraordinary circumstances were responsible for the failure to appear, and (2) justice demands that relief. *See Huggins v. Hallmark Enters., Inc.*, 84 N.C. App. 15, 24-25, 351 S.E.2d 779, 785 (1987). The decision to grant this rule's exceptional relief is within the trial court's discretion. *Id.* at 25, 351 S.E.2d at 785. Because this court "cannot substitute 'what it consider[s] to be its own better judgment' for a discretionary ruling of a trial court," we may not overturn the judge's ruling unless it was " 'manifestly unsupported by reason.'" *Id.* (citations omitted).

While the law does not favor default, preferring instead that controversies be resolved on their merits, "it is also true that rules which require responsive pleadings within a limited time serve important social goals, and a party should not be permitted to flout them with impunity." *Howell v. Haliburton*, 22 N.C. App. 40, 42, 205 S.E.2d 617, 619 (1974). Likewise, courts justifiably disapprove of a limited liability company's failure to properly maintain a registered agent because that requirement is "designed to inform potential litigants of necessary information," *Huggins*, 84 N.C. App. at 25, 351 S.E.2d at 785, thereby protecting the company's interests and guarding against judgment by default, as well as reducing the chance that the company will avoid paying a judgment by evading service of process. *See Anderson Trucking Serv., Inc. v. Key Way Transp., Inc.*, 94 N.C. App. 36, 43, 379 S.E.2d 665, 669 (1989).

As Defendant failed to properly maintain a registered agent in the State of North Carolina, the trial court's decision was not "manifestly unsupported by reason." *Huggins*, 84 N.C. App. at 25, 351 S.E.2d 785. The trial court committed no error in refusing to set aside the default judgment under Rule 60(b)(6).

Affirmed.

Judges HUNTER and THORNBURG concur.