## SMITH v. JONES

[183 N.C. App. 643 (2007)]

SAWYER SMITH, A Minor, by and through her Guardian *AD Litem*, CATHERINE E. STRICKLAND, and CATHERINE E. STRICKLAND, Plaintiffs v. DARRYEL JONES, and wife, IDA JONES, and BOYA INVESTMENTS, LLC, Defendants

No. COA06-1268

(Filed 5 June 2007)

**Judgments; Process and Service— default—motion to set aside denied—failure to maintain registered agent for receiving service**

The trial court did not abuse its discretion by denying defendant's motion to set aside a default judgment where defendant corporation did not change the address of its registered office with the Secretary of State as required by statute and service of process was properly made upon the Secretary of State pursuant to N.C.G.S. § 55D-33.

Appeal by defendant from an order entered 19 June 2006 by Judge William C. Gore in Johnston County Superior Court. Heard in the Court of Appeals 12 April 2007.

*Mast, Schulz, Mast, Johnson and Wells, P.A., by David F. Mills, for plaintiffs.*

*Burton & Sue, L.L.P., by Stephanie W. Anderson and Desiré E. Carter, for defendant.*

BRYANT, Judge.

Boya Investments, LLC (defendant) appeals from an order entered 19 June 2006 denying their Rule 60 motion to set aside the default judgment entered against defendants on 29 August 2005. For the reasons stated below, we affirm.

Sawyer Smith is the minor child of Catherine E. Strickland. On 1 September 2004, a pit bull dog owned by Darryel Jones and his wife, Ida Jones, who occupied a residence owned by defendant, viciously attacked and injured both Sawyer Smith and her dog. Plaintiff brought this action to recover from defendants (including Darryel and Ida Jones), jointly and severally, for damages and injuries arising out of defendants' negligence.

Defendant's registered agent was Thommasina W. Boya, and the registered office was 949 Smith Road, Smithfield, North Carolina 27577, as designated by defendant in the records of the Secretary of

State in accordance with N.C. Gen. Stat. § 55D-30. Defendant designated 949 Smith Road as its registered address as recently as April 2006. In March 2005, the Johnston County Sheriff attempted to serve the Summons and Complaint on Boya Investments by and through its registered agent at its registered office in accordance with N.C. Gen. Stat. § 1A-1, Rule 4(j). The occupants at the registered office on 949 Smith Road in Smithfield advised the deputy that Mrs. Boya, the registered agent, did not live at that address. As a result, the deputy returned the summons unserved.

In April 2005, plaintiffs attempted to serve defendant by certified mail at the registered office (949 Smith Road, Smithfield) and at 101 Stonebrook Drive, Clayton, North Carolina. The Stonebrook Drive address was listed as the current residential address for Thommasina Boya in the November 2004 telephone book and as defendant's mailing address in the Johnston County tax records. The certified mail to both of these addresses was returned unserved and marked "unclaimed."

Plaintiffs initiated this action by filing a complaint on 22 March 2005. The Clerk of Superior Court of Johnston County appointed Catherine E. Strickland as guardian *ad litem* for Sawyer Smith, a minor. After unsuccessful attempts of service on Boya Investment's registered agent, plaintiffs served defendant by service of process on the North Carolina Secretary of State, on 13 June 2005, pursuant to N.C. Gen. Stat. § 55D-33, Service on Entities:

(a) Service of process, notice or demand required or permitted by law to be served on an entity may be served on the registered agent required by G.S. 55D-30.

(b) When . . . [the entity's] registered agent cannot with due diligence be found at the registered office . . . the Secretary of State becomes an agent of the entity upon whom any such process, notice or demand may be served. Service on the Secretary of State of any such process, notice or demand is made by delivering to and leaving with the Secretary of State or any clerk authorized by the Secretary of State to accept service of process, duplicate copies of the process, notice or demand and the applicable fee.

N.C. Gen. Stat. § 55D-33 (2005). After a number of unsuccessful delivery attempts, the Postal Service returned the certified mail to the

**SMITH v. JONES**

[183 N.C. App. 643 (2007)]

Secretary of State marked "unclaimed" on 20 July 2005. The Secretary of State issued a letter dated 26 July 2005, indicating that service was complete and effective.

Defendant failed to file an answer or otherwise respond to the Complaint. The Clerk of Superior Court entered default against defendant on 5 August 2005. Plaintiffs filed a Motion for Default Judgment on 16 August 2005, and attempted to serve defendant with Notice of Hearing at its registered office. The Notice of Hearing was returned undelivered and marked with a "UTF" notation (presumably meaning "unable to find" the intended recipient at that address). The Johnston County Superior Court entered a default judgment against defendant for $55,952.40 on 1 September 2005.

Defendant learned of the default judgment upon receiving the sheriff's execution papers at the 101 Stonebrook Drive address in early March 2006. On 30 March 2006, defendant filed a motion pursuant to N.C. Gen. Stat. § 1A-1, Rule 60 to set aside the Entry of Default and Default Judgment. The trial court denied defendant's motion. Defendant appeals.

---

The dispositive issue is whether the trial court abused its discretion by denying defendant's motion to set aside the default judgment. Defendant contends the substitute service used by plaintiffs was neither proper nor sufficient. Accordingly, defendant argues there exists excusable neglect for not having received actual notice of plaintiffs' civil action such that there is ample justification for the trial court to set aside the default judgment. We disagree.

Under Rule 60(b), the court may grant a party relief from a judgment for mistake, inadvertence, surprise, or excusable neglect, or for other reasons justifying relief from the operation of the judgment. N.C. Gen. Stat. § 1A-1, Rule 60 (2005); *Partridge v. Associated Cleaning Consultants*, 108 N.C. App. 625, 630, 424 S.E.2d 664, 667, *disc. rev. denied*, 333 N.C. 540, 429 S.E.2d 560 (1993). It is well-settled in North Carolina that motions for relief from judgments under Rule 60 are left to the sound discretion of the trial court, and the trial court's decision will not be disturbed absent an abuse of discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975). The trial court may only be reversed upon a showing that its decision was "manifestly unsupported by reason" and the trial court is to be afforded great deference and will be upset only upon a showing that its decision was "so arbitrary that it could not have been the

result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985).

> When an entity required to maintain a registered office and registered agent under G.S. § 55D-30 fails to appoint or maintain a registered agent in this State, or when its registered agent cannot with due diligence be found at the registered office . . . the Secretary of State becomes an agent of the entity upon whom any such process, notice or demand may be served. Service . . . is made by delivering to and leaving with the Secretary of State or any clerk authorized by the Secretary of State to accept service of process . . . . Service on an entity under this subsection is effective for all purposes from and after the date of the service on the Secretary of State.

N.C.G.S. § 55D-33 (2005).

Here, defendant's registered agent was not at the registered office, did not occupy the registered office, and could not be served either by the sheriff or by certified mail at the registered office. *See Advanced Wall Sys. v. Highlande Builders, LLC*, 167 N.C. App. 630, 632, 605 S.E.2d 728, 730 (2004) ("Since Defendant's registered agent left the State and Defendant failed to appoint a new agent, alternative service on the Secretary of State was proper."); *Royal Business Funds Corp. v. S. E. Dev. Corp.*, 32 N.C. App. 362, 369, 232 S.E.2d 215, 219 (1977) (holding that service of process upon the Secretary of State gave sufficient and constitutional notice to the defendant, because the defendant was required to maintain a registered office and registered agent and they failed to do so resulting in notice being returned unserved).

It is uncontested in this case that defendant is required by N.C. Gen. Stat. § 55D-30 to continuously maintain a registered office and a registered agent in North Carolina. If the address of the registered office changes, it is the duty of the registered agent to notify the Secretary of State of the new address. N.C. Gen. Stat. § 55D-31 (2005). North Carolina General Statutes, Section 55D-33 authorizes substitute service on the Secretary of State, as the company's agent, when the registered agent cannot with due diligence be found at the registered office. N.C.G.S. § 55D-33 (2005). Where a statute authorizes substitute process; the court must strictly construe the statute in determining whether effective service has been made. *Johnson v. Raleigh*, 98 N.C. App. 147, 149, 389 S.E.2d 849, 851 (1990) (citing *Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 351 S.E.2d 779 (1987)).

**SMITH v. JONES**

[183 N.C. App. 643 (2007)]

At all relevant times, the address of defendant's registered office was 949 Smith Road, Smithfield, North Carolina. Plaintiffs attempted to serve defendant by certified mail, return receipt requested, at 949 Smith Road, Smithfield, North Carolina and at 101 Stonebrook Drive, Clayton, North Carolina, since that was listed as defendant's address in the telephone book and as defendant's mailing address in the county tax records. The Postal Service returned the mailing addressed to 101 Stonebrook Drive marked "unclaimed." Only after this attempt failed and the process was returned "unclaimed" did plaintiffs resort to substitute service.

"[A] corporation which fails to pay due attention to the possibility that it could be involved in litigation . . . by failing to take steps to ensure that it is notified of claims pending against it, is guilty of *inexcusable* neglect." *Anderson Trucking Service, Inc. v. Key Way Transport, Inc.*, 94 N.C. App. 36, 41, 379 S.E.2d 665, 668 (1989) (emphasis added). "[T]he setting aside of a judgment pursuant to [Rule 60(b)(6)] . . . should only take place where (1) extraordinary circumstances exist and (2) there is a showing that justice demands it. This test is two-pronged, and relief should be forthcoming only where both requisites exist." *Baylor v. Brown*, 46 N.C. App. 664, 670, 266 S.E.2d 9, 13 (1980).

Defendant has failed to make the requisite showing of excusable neglect. Defendant's failure to receive actual notice resulted from defendant's failure to carry out its statutory duties. The record evidence shows defendants were no longer at 949 Smith Road (the registered address) as early as 22 December 2004, and that as of 1 April 2006, over fifteen months later, defendant still had not changed the address of its registered office with the Secretary of State. *See Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 25, 351 S.E.2d 779, 785 (1987) (denial of Rule 60(b) motion upheld where the plaintiff served the Secretary of State because the defendant corporation failed to update its registered office address). Defendant's failure to attend to its obligations under Chapter 55D and properly maintain a registered office is the sole reason why substitute service on the Secretary of State was necessary. Accordingly, we find no grounds for the equitable relief sought by defendant. There has been no showing of "extraordinary circumstances" nor that the "demands of justice" require the default judgment to be set aside. The trial court's decision to deny defendant's motion to set aside the default judgment was not manifestly unsupported by reason. *Advanced Wall Systems*, 167 N.C. App. at 634, 605 S.E.2d at 731. These assignments of error are overruled.

Affirmed.

Judges STEELMAN and LEVINSON concur.