BRYANT, Judge.
*255 Where an alias and pluries summons was properly served upon the Secretary of State, service as to defendant was effective. Where defendant concedes that an argument brought forth on appeal is without merit, we dismiss that argument.
Defendant Doug Besaw Enterprises, Inc., is a residential electrical contractor who contracted with plaintiff Builders Mutual Insurance Company for worker's compensation insurance. After defendant failed to pay plaintiff for insurance premiums incurred, plaintiff filed suit against defendant on 16 September 2013 for breach of contract and unjust enrichment. Plaintiff sent a summons to defendant's registered office via certified mail, but the summons was returned as undeliverable.
On 17 January 2014, plaintiff sent an alias and pluries summons to the North Carolina Secretary of State. The Secretary of State's Office forwarded the summons to defendant's registered office, but the summons was again returned as undeliverable.
On 10 March 2014, plaintiff moved for and received an entry of default and default judgment against defendant. A writ of execution freezing the funds in defendant's bank accounts was issued and, shortly thereafter, plaintiff filed a motion to release defendant's bank account funds.
In June 2014, defendant filed a notice of appearance, followed by a motion to set aside the entry of default and default judgment. After a hearing, the trial court entered an order on 8 July denying defendant's motion to set aside the entry of default and default judgment. That same day, the trial court entered a second order granting plaintiff's motion to release defendant's bank account funds. Defendant appeals.
_________________________
On appeal, defendant raises four issues as to whether the trial court erred in (I) denying defendant's motion to set aside the default judgment; (II) finding personal jurisdiction over defendant; (III) granting plaintiff's motion to release funds; and (IV) admitting evidence offered by plaintiff.
Motion to Set Aside the Default Judgment Based on Invalid Service
Defendant argues that the trial court erred in denying his motion to set aside the default judgment pursuant to Rule 60(b) of our North Carolina Rules of Civil Procedure and granting plaintiff's motion to release funds. We disagree.
*256 "A default judgment may be set aside under Rule 60(b) [ ] only upon a showing that: (1) extraordinary circumstances were responsible for the failure to appear, and (2) justice demands that relief." Advanced Wall Sys., Inc. v. Highlande Builders, LLC, 167 N.C.App. 630, 634, 605 S.E.2d 728, 731 (2004) (citing Huggins v. Hallmark Enters., Inc., 84 N.C.App. 15, 24-25, 351 S.E.2d 779, 785 (1987) ). "The decision to grant this rule's exceptional relief is within the trial court's discretion." Id. "Because this [C]ourt cannot substitute what it consider[s] to be its own better judgment for a discretionary ruling of a trial court, we may not overturn the judge's ruling unless it was manifestly unsupported by reason." Id. (citations and quotations omitted).
*684 Defendant first contends the trial court erred in denying his motion to set aside the default judgment because plaintiff failed to exercise due diligence pursuant to Rule 4 in serving defendant with the summons. Specifically, defendant argues that because plaintiff's summons "lay dormant from 16 December 2013 until the alias and pluries summons was issued on 17 January 2014[,]" plaintiff had to re-serve the summons on defendant before serving it on the Secretary of State.
Pursuant to Rule 4 of our Rules of Civil Procedure,
(d) When any defendant in a civil action is not served within the time allowed for service, the action may be continued in existence as to such defendant by either of the following methods of extension: ...
(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement.
...
(e) When there is neither endorsement by the clerk nor issuance of alias or pluries summons within the time specified in Rule 4(d), the action is discontinued as to any defendant not theretofore served with summons within the time allowed. Thereafter, alias or pluries summons may issue ... but, as to such defendant, the action shall be deemed to have commenced on the date of such issuance or endorsement.
N.C. Gen.Stat. § 1A-1, Rule 4(d-e) (2014) (emphasis added).
*257 Here, plaintiff filed its complaint and summons against defendant on 16 September 2013. After the summons was returned to plaintiff as undeliverable, plaintiff waited until 17 January 2014 to serve an alias and pluries summons on the Secretary of State. As such, pursuant to Rule 4(e), the alias and pluries summons commenced a new action when it was issued on 17 January 2014. See id. § 1A-1, Rule 4(e) (where an alias and pluries summons is commenced after the conclusion of the 90 day period specified in Rule 4(d), "the action shall be deemed to have commenced on the date of such issuance or endorsement."). Defendant's contention that plaintiff's summons violated Rule 4 is, therefore, overruled.
Defendant next argues that even if "Plaintiff had exercised due diligence prior to serving the Secretary of State, the Secretary of State's independent error in mailing the lawsuit documents to the wrong address invalidated the attempted service of process."
Pursuant to North Carolina General Statutes, section 55D-33,
[w]hen an entity required to maintain a registered office and registered agent under G.S. 55D-30 fails to appoint or maintain a registered agent in this State, or when its registered agent cannot with due diligence be found at the registered office, ... the Secretary of State becomes an agent of the entity upon whom any such process, notice or demand may be served. Service on the Secretary of State of any such process, notice or demand is made by delivering to and leaving with the Secretary of State ... copies of the process, notice or demand and the applicable fee. In the event any such process, notice or demand is served on the Secretary of State in the manner provided by this subsection, the Secretary of State shall immediately mail one of the copies thereof, by registered or certified mail, return receipt requested, to the entity at its principal office or, if there is no mailing address for the principal office on file, to the entity at its registered office. Service on an entity under this subsection is effective for all purposes from and after the date of the service on the Secretary of State.
N.C. Gen.Stat. § 55D-33(b) (2014).
The evidence in the record shows that the Secretary of State immediately mailed the alias and pluries summons to defendant's registered address rather than defendant's principal address as set forth in N.C.G.S. § 55D-33(b). During the hearing, the trial court noted that "the Secretary of State didn't follow the right procedure and sent [the summons] to *258 the wrong address." However, the trial court also noted that defendant's *685 registered address was not valid, and that defendant's failure to provide the Secretary of State with a valid registered address was not excusable neglect. In its order denying defendant's motion to set aside the default judgment the trial court made the following findings of fact:
1. At all times during this litigation, Defendant maintained a registered mailing address with the North Carolina Secretary of State at 416 Oak Grove Road, Flat Rock, NC 28731. That remained the registered address through the date of this hearing.
2. At all times during the litigation, the registered agent for Defendant was Doug Besaw.
3. Defendant's registered address was and is unable to receive mail, dating back at least prior to the initiation of this litigation.
4. Plaintiff attempted service on Defendant by mailing a copy of the complaint and summons by certified mail, return receipt requested, to Defendant's registered agent at the registered address. The envelope was returned to Plaintiff as undelivered.
5. After Plaintiff's attempted service at Defendant's registered address failed, Plaintiff mailed an alias and pluries summons and copy of the complaint to the Secretary of State.
6. The Secretary of State received the alias and pluries summons and complaint, and forwarded them to Defendant's registered address.
7. Defendant's affidavit indicates that Defendant did not receive a copy of the complaint sent via certified mail from Plaintiff, nor from the Secretary of State.
8. Defendant failed to pay due attention to the possibility that it could be involved in litigation and failed to take steps to ensure that it was notified of claims pending against it.
9. Defendant failed to properly monitor its corporate affairs.
*259 The trial court then entered the following conclusions of law:
1. Plaintiff attempted service of process on Defendant at its registered mailing address by certified mail, return receipt requested in accordance with North Carolina Rules of Civil Procedure, Rule 4(j)(6). The summons and complaint were returned unserved.
2. Thereafter, and having exercised the due diligence required by statute, Plaintiff effected substitute service on Defendant via the North Carolina Secretary of State pursuant to N.C. Gen.Stat. § 55D-33.
3. As Plaintiff properly achieved service, the judgment against Defendant is not void pursuant to North Carolina Rule of Civil Procedure 60(b)(4).
Defendant cites Huggins v. Hallmark Enters., Inc., 84 N.C.App. 15, 351 S.E.2d 779 (1987), in support of his contention that the Secretary of State's failure to mail plaintiff's summons to defendant's principal office, rather than defendant's registered office, resulted in improper service and, therefore, no jurisdiction was obtained by the trial court. However, in Huggins, this Court held that service over the defendant was not proper where the Secretary of State did not follow the statutory requirements of N.C. Gen.Stat. § 55-15 because it mailed the plaintiff's alias and pluries summons to an address other than the defendant's registered office. Id. at 20, 351 S.E.2d at 782 (citing N.C.G.S. § 55-15(b) ("Whenever a corporation shall fail to appoint or maintain a registered agent in this State, or whenever its registered agent cannot with due diligence be found at the registered office, then the Secretary of State shall be an agent of such corporation upon whom any such process, notice, or demand may be served. Service on the Secretary of State of any such process, notice, or demand shall be made by delivering to and leaving with him, or with any clerk having charge of the corporation department of his office, duplicate copies of such process, notice or demand. In the event any such process, notice or demand is served on the Secretary of State, he shall immediately cause one of the copies thereof to be forwarded by registered or certified mail, addressed to the corporation at its registered office. Any such corporation so served shall be in court for all purposes from *686 and after the date of such service on the Secretary of State.")).
Defendant challenges what he asserts is a broad reading of N.C.G.S. § 55D-33 by the trial court; however, the trial court's determination that *260 plaintiff had achieved proper substitute service by serving the Secretary of State's office is based on a common sense reading of the statute.[1] INDEED, N.C.g.s. § 55D-33 MAKES CLEAR THAT service on a corporation is, for all intents and purposes, effective "from and after the date of the service on the Secretary of State." N.C.G.S. § 55D-33(b) ; Advanced Wall Sys., Inc., 167 N.C.App. at 632-33, 605 S.E.2d at 730-31 (citation omitted) (holding that the language of N.C. Gen.Stat. § 57C-2-43(b) (2003) ("Service on [an entity] under this subsection shall be effective for all purposes from and after the date of the service on the Secretary of State.)" means that "[w]here the Secretary of State mailed the summons is immaterial because service was effective when Plaintiff served the Secretary of State."). Defendant's argument that the trial court erred in failing to grant defendant's motion to set aside the default judgment due to the Secretary of State mailing the alias and pluries summons to the "wrong" address is, accordingly, overruled.
Defendant raises the additional argument that "[t]he interests of justice demand the default judgment be set aside to avoid unjust enrichment of the Plaintiff." Defendant contends that because plaintiff calculated defendant's insurance premiums by estimating defendant's payroll numbers, plaintiff has been unjustly enriched. However, as defendant does not cite any relevant case law in support of his argument, we decline to address it further.
Defendant also argues that the trial court erred in granting plaintiff's motion to release funds because the judgment upon which plaintiff's writ of execution was based was "void due to defects in service." As it has already been determined that service upon the Secretary of State was sufficient for service of process, we need not address defendant's third issue on appeal. Accordingly, defendant's first and third arguments on appeal are overruled.
*261 Personal Jurisdiction
Defendant next argues that the trial court erred in finding personal jurisdiction over defendant. Specifically, defendant contends "[t]he trial court's flexible interpretation of N.C. Gen.Stat. § 55D-33 ... violated [his] procedural due process rights." Defendant concedes that he did not raise a due process argument before the trial court, but argues that his due process argument should be reviewed on appeal because "there was no way for Defendant to preemptively address the trial court's interpretation of [the statute]." We disagree for, as already discussed, the trial court did not err in its interpretation of N.C.G.S. § 55D-33. Moreover, it is well-established by our Courts that "a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal." State v. Hunter, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982) (citations omitted). Defendant's argument is, therefore, dismissed.
Admission of Evidence
Finally, defendant argues that the trial court erred in admitting evidence offered by plaintiff. The evidence in question consisted of assertions in plaintiff's brief filed in opposition to defendant's motion to set aside the default judgment, and an oral statement by plaintiff's attorney. However, defendant concedes that the evidence of which he complains *687 is not, "standing alone, ... so substantial as to have altered the trial court's ruling had it been excluded." We agree, as there is nothing in the transcript of the hearing before the trial court to indicate that the trial court did in fact rely on this evidence in making its decision. Rather, after raising his objection to the trial court, defendant admitted that at least part of his objection was based on a "misunderstanding" of plaintiff's trial brief. Therefore, we decline to address defendant's argument.
Accordingly, the orders of the trial court are affirmed.
AFFIRMED.
Judges DAVIS and INMAN concur.

The language of N.C.G.S. § 55D-33, which directs the Secretary of State's office to forward an alias and pluries summons "to the entity at its principal office or, if there is no mailing address for the principal office on file, to the entity at its registered office[,]" comes from the Business Corporation Act ("the Model Act"). The Model Act sought to resolve the "circularity problem" of having a summons repeatedly sent to an entity's registered address only to be returned as undeliverable by instead instructing the Secretary of State to send the summons to an entity's principal office first in the hope that service would be effectuated. See N.C.G.S. §§ 55D-32-33, Official Comments. Despite this language, N.C.G.S. § 55D-30 et al. makes clear that a corporation must maintain a registered office and agent in North Carolina, and that "[i]f service is not perfected on the corporation at its registered office," service may be accomplished through other means. See id. §§ 55D-30, 33, Official Comments (emphasis added).